# MILMAN LABUDA LAW GROUP PLLC

**3000 MARCUS AVENUE**
**SUITE 3W8**
**LAKE SUCCESS, NY 11042**
_____

**TELEPHONE (516) 328-8899**
**FACSIMILE (516) 328-0082**

October 21, 2019

**VIA ECF**
Hon. Margo K. Brodie, U.S.D.J.
United States District Court
Eastern District of New York
225 Cadman Plaza East
Courtroom 6F North
Brooklyn, NY 11201-1804

   *Re*: **Soto v. Miss Laser Inc.,** *et al*.
     **Case No.: 1:19-cv-4745 (MKB) (CLP)**
     **MLLG File No.: 159-2019**_____

Dear Judge Brodie:

  This office represents the Defendants in the above-referenced matter. Defendants write, with regret and disappointment, to respectfully move for an Order compelling Plaintiff to provide, pursuant to Rules 26 and 37 of the Federal Rules of Civil Procedure (hereinafter the "Rules") and Local Civil Rule (hereinafter "LCR") 37.3, a computation of damages in Excel format together with the identity and address of Plaintiff's Certified Professional Accountant ("CPA"). A good faith effort to resolve this dispute has been made prior to seeking the instant relief.

**i.**  **Procedural Background & Relevant Facts**

  This case was commenced on August 17, 2019 to pursue alleged violations of the Fair Labor Standards Act ("FLSA") and New York Labor Law ("NYLL"), namely, that the Plaintiff was allegedly not paid minimum wages, overtime, spread-of-hours compensation, not provided wage notices and/or wage statements, and failure to provide meal breaks. See Docket Entry 1. On August 21, 2019, Defendants noticed their appearance by counsel and effectuated a waiver of the service of the summons to save Plaintiff the cost of same. See Docket Entries 6 and 7.

  On the same date, Defendants sought from Plaintiff a calculation of damages pursuant to Rule 26. The following day, Plaintiff responded that she will provide same. After Defendants followed up with Plaintiff on August 26, 2019, Plaintiff submitted a spreadsheet in PDF format to Defendants the following day. Upon review of same, Defendants requested from Plaintiff the same spreadsheet in Excel format the very same day. Defendants followed up with Plaintiff on their request four (4) times on September 4, 6, 10, and 16 before Plaintiff responded on September 16, 2019 to inquire as to the reason for Defendants' request. Defendants obliged Plaintiff with a response the very same day, explaining that they wish to revise the spreadsheet based on the time and pay records in Defendants' possession in order to have a meaningful discussion about settlement.

Incredulously, Plaintiff responded on September 25, 2019 to decline; her exact words were *"We are not your accountant, and this is not the right way. Do your own work."* After Defendants responded that they would be forced to file the instant letter motion, Plaintiff added: *"You are not entitled it [sic] in EXCEL format. We already produced to you in PDF format. Again, stealing our work product[1] is not exactly the best way to go."*

On September 30, 2019, Defendants made one more attempt to resolve this dispute without Court intervention. In doing so, Defendants informed Plaintiff that her calculations do not make sense, and provided an example indicating a clear mathematical error in the Plaintiff's calculations. Defendants further explained that having them create their own calculations would force them to unnecessarily incur attorneys' fees and spend money that could be better used towards a potential resolution of this case. Nearly two (2) weeks later, Plaintiff responded on October 10, 2019 to state that she has conferred with "the CPA," and the CPA does not agree to provide the damages spreadsheet in Excel format. A request the same day for the identity and address of the CPA such that Defendants could subpoena the CPA went ignored. A copy of the relevant highlighted correspondence between counsel is annexed hereto as **Exhibit "A."**

### ii.     Legal Standard

Rule 26 of the Federal Rules of Civil Procedure provides that a party must, "<u>without awaiting a discovery request</u>" provide, *inter alia*, a <u>computation</u> of each category of damages claimed by the disclosing party--who must also make available for inspection and copying as under Rule 34 the documents or other evidentiary material, unless privileged or protected from disclosure, on which each computation is based, including materials bearing on the nature and extent of injuries suffered. <u>See</u> Fed. R. Civ. P. 26(a)(1)(A)(iii) (emphasis added).

A plaintiff's computation of damages enables the defendants to understand the contours of their potential exposure and make informed decisions regarding settlement. <u>See</u> <u>Allstate Ins. Co. v. Nassiri</u>, 2011 U.S. Dist. LEXIS 79866, 13-14 (D. Nev. July 20, 2011).

### iii.    Defendants are entitled to Plaintiff's damages spreadsheet in Excel format

The Plaintiff here has incontrovertibly refused to comply with the dictates of Rule 26 and has frustrated the entire purpose of the Rule. Indeed, Plaintiff has no justification for refusing to provide the requested Excel spreadsheet. <u>See</u> Fed. R. Civ. P. 26(a)(1)(E).[2]

---

[1] While under Rule 26, material prepared by or at the request of an attorney in anticipation of litigation is not subject to discovery (<u>see</u> Fed. R. Civ. P. 26(b)(3)), the same Rule requires Plaintiff to provide a computation of each category of damages claimed by her. <u>See</u> Fed. R. Civ. P. 26(a)(1)(A)(iii). Therefore, her assertion of the attorney work-product privilege is unavailing.

[2] The Rule provides: "[a] party must make its initial disclosures based on the information then reasonably available to it. A party is not excused from making its disclosures because it has not fully investigated the case or because it challenges the sufficiency of another party's disclosures or because another party has not made its disclosures."

Numerous courts have held that a plaintiff must provide a computation of damages pursuant to Rule 26 and that various arguments in opposition are meritless. See Mbodj v. Canadian Payment Services, LLC, 14-CIV.-07900 (JMF) (S.D.N.Y. Apr. 14, 2015) (directing plaintiffs in FLSA/NYLL wage and hour collective/class action to provide calculation of damages despite their argument that relevant documents were in the possession of defendants); Marin v. JMP Restoration Corp., 08-CIV.-1384, (E.D.N.Y. Oct. 21, 2009) (same); Viveros v. Nationwide Janitorial Ass'n, Inc., 200 F.R.D. 681, 683 (N.D. Ga. 2000) (same); Giugliano v. FS2 Capital Partners, LLC, 2016 U.S. Dist. LEXIS 45925, 21-23 (E.D.N.Y. Mar. 31, 2016) (holding no reasonable basis for failure to provide same).

Moreover, Plaintiff's production of the spreadsheet in PDF format does not satisfy the rule because Plaintiff is required to provide a **computation** of damages. Computation means "the action of mathematical calculation." See Oxford online dictionary. Here, Plaintiff's PDF spreadsheet fails to set forth the mathematical calculations used to arrive at the damages she seeks, whereas the Excel spreadsheet will provide Defendants with this information by being able to review the formulas and mathematical calculations Plaintiff used to arrive at her number. Indeed, as set forth in Defendants' correspondence to Plaintiff on September 30, 2019:

> for the week of 9/9/2018 – 9/15/2018, you represent that Plaintiff worked 44.25 hours and only received $607.50 while she was entitled to $695.63, which represents an shortfall of $88.13. However, you write that the shortfall is $245.63. This is clearly a mathematical error that has resulted in inflated numbers.

See Ex. A. Not only has Plaintiff continued to refuse to provide Defendants with the spreadsheet in Excel format in order to satisfy the dictates of Rule 26, Plaintiff has altogether failed to correct its clearly mathematical error in an effort to attempt to resolve this case. Such conduct reeks of bad faith.

Further, while Plaintiff's calculation of the alleged unpaid wages amounts to $82,023.23 exclusive of liquidated damages, interest, and attorneys' fees, Defendants' calculation of Plaintiff's alleged unpaid wages – accepting every factual allegation in the Complaint as true (which Defendants dispute) – amounts to only $15,196.00. In both calculations, the parties do not account for commissions, which Plaintiff pled she earned, and which undeniably must be applied to satisfy Defendants' minimum wage and overtime obligations. See Flick v. Am. Fin. Res., Inc., 907 F. Supp. 2d 274, 278 (E.D.N.Y. 2012) (finding that an employee paid on a commission basis "must nonetheless be paid the minimum wage for hours worked," and that **commissions may satisfy the minimum wage** requirement so long as a proper minimum amount is paid within each relevant pay period) (citing Chao v. Vidtape, Inc., 66 Fed. Appx. 261, 264-65 (2d Cir. 2003)) (emphasis added); see also 12 NYCRR § 142-2.9 (providing that commissions satisfy both an employer's minimum wage and overtime obligations).

In addition, to the extent that this Court grants Defendants' requested relief, Plaintiff should be Ordered to provide the damages spreadsheet in Excel format *sans* her "For Settlement Purposes Only and Without Prejudice" label, such that Defendants may properly utilize the disclosure required by Rule 26 in defending this case.

3

To the extent that this Court questions whether Rule 26 requires the production of a computation of each category of damages claimed, Defendants respectfully submit further that Rule 1 requires same. Indeed, Rule 1 provides that the Rules should be construed, administered, and employed by the court and the parties to secure the just, speedy, and inexpensive determination of every action and proceeding. See Fed. R. Civ. P. 1 (emphasis added).

Here, should Defendants be able to review Plaintiff's spreadsheet, they would easily be able to determine the accuracy of Plaintiff's calculations of alleged damages owed and apply their time and payroll records to same in order to properly determine whether any damages are, in fact, owed. This would give Defendants the information they need to make an informed business decision as to whether they should settle for a reasonable number based on their time and pay records, or instead litigate this case.

Indeed, as set forth above, Plaintiff's calculations are plagued by mathematical errors and inconsistencies concerning the allegations in her complaint. In fact, Defendants respectfully submit that Plaintiff's unwillingness to provide the requested information is to prevent and frustrate Defendants from being able to resolve this case in order to exact a settlement based on an inflated number. Accordingly, Defendants are entitled to an Order compelling Plaintiff to provide their damages spreadsheet in Excel format as well as the identity and address of the CPA.

**iv.     An appropriate sanction against Plaintiff is in order due to her intransigence**

Pursuant to Rule 37, Defendants seek that Plaintiff be provided an opportunity to be heard and require the Plaintiff and her counsel to pay for Defendants' reasonable expenses incurred in making the instant motion, including attorneys' fees. See Fed. R. Civ. P. 37(a)(5)(A). Defendants respectfully submit that: (i) they made numerous good faith attempts to obtain the disclosure without court action; (ii) Plaintiff's nondisclosure and objection was not substantially justified; and (iii) no other circumstances would make an award of expenses unjust. In addition, Defendants respectfully submit that sanctions are in order in the form of reasonable attorneys' fees pursuant to 28 U.S.C. § 1927 (providing that any attorney who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct).

Further, Defendants respectfully request that the Court consider whether Plaintiff should be precluded from seeking damages for each category for which she has failed to provide a computation of damages. See Jaquez v. Flores (In re Estate of Jaquez), 2016 U.S. Dist. LEXIS 34521 (S.D.N.Y. Mar. 17, 2016) (collecting cases); see also Raymond Ng v. HSBC Mortg. Corp., 2008 U.S. Dist. LEXIS 102493 (E.D.N.Y. Dec. 18, 2008) (precluding plaintiff from seeking damages for item for which he failed to provide a computation of damages); Serin v. Northern Leasing Sys., 2010 U.S. Dist. LEXIS 142713 (S.D.N.Y. Oct. 25, 2010) (ordering full disclosure of damages under Rule 26(a)(1) and failure to comply could result in sanctions such as the exclusion of testimony at trial on the issue of damages); Richmond v. General Nutrition Ctrs., Inc., 2012 U.S. Dist. LEXIS 32070 (S.D.N.Y. Mar. 9, 2012) (precluding plaintiffs at trial from offering any damages evidence not produced in discovery or any damage calculation not based on documents produced in discovery).

However, before setting forth Defendants' basis for the instant request for sanctions, it is worthy to note that Plaintiff's counsel is no stranger to incurring such sanctions. In considering this motion, the Court should also take into account other instances in which Plaintiff's counsel has been sanctioned. Most notably, Plaintiff's counsel has been sanctioned at least three (3) times this year alone.

First, on March 31, 2019, Magistrate Judge Locke issued a decision sanctioning Plaintiff's counsel pursuant to 28 U.S.C. § 1927 and the court's inherent power. See Junjiang Ji v. Jling Inc., 2019 U.S. Dist. LEXIS 55341, *37-41, 2019 WL 1441130 (E.D.N.Y. Mar. 31, 2019). There, Judge Locke held that Plaintiff's counsel's arrival at trial unprepared to proceed was in bad faith for various reasons. Most importantly, the plaintiffs in that case, through their counsel, violated Chinese law for conducting a remote deposition and deceived the Court in that case into believing that the witness lawfully testified, requiring the court to end his testimony at trial.

Accordingly, the court sanctioned Plaintiff's counsel and awarded Defendants' attorneys' fees associated with their preparation for their appearances at trial and preparation of the sanctions motion.

Second, on April 5, 2019, District Judge Furman sanctioned Plaintiff's counsel pursuant to Rule 16(f) and the court's inherent authority for its disregard for clear and unambiguous court orders. See Jianshe Guo v. A Canaan Sushi, Inc., 2019 U.S. Dist. LEXIS 59234, *10-12, 2019 WL 1507900 (S.D.N.Y. April 5, 2019). In issuing his decision, Judge Furman noted that Plaintiff's counsel repeatedly failed to comply with court deadlines despite extensive experience with the court. Moreover, such failures caused the court and its staff to expend resources reminding counsel of its need to adhere to deadlines. Additionally, the court wasted "considerable time" reviewing the plaintiff's default judgment motion which was so patently defective that it "could grant Plaintiff no relief." Even worse, since Plaintiff's counsel failed to file a revised motion, all of the Court's efforts explaining the defects in the motion were wasted.

Thus, for their repeated and "delinquent conduct," Judge Furman sanctioned Plaintiff's counsel and his staff members with a fine of $2,000.00 payable to the Clerk of the Court, which it stated was a "relatively modest sanction" in order to secure compliance with future Orders and deadlines. In concluding remarks in his decision, Judge Furman stated that future disregard of court orders (in this case or others) "may result in additional, harsher sanctions, including but not limited to possible referral of counsel to the Court's Grievance Committee." Id.

Third, in Jianjun Chen v. 2425 Broadway Chao Rest., LLC, No. 1:16-CV-5735-GHW, 2019 WL 2250336, Judge Woods Ordered Plaintiff's counsel to pay 50% of the reasonable fees and costs associated with their motion for summary judgment and 100% of their reasonable fees and costs associated with their subsequent motion for sanctions pursuant to Rule 26(g) (approximately $50,000.00) because Plaintiff's counsel still pursued a case on the theory that Plaintiffs were improperly paid during a certain time period despite ultimately admitting that all Plaintiffs were properly paid during that period and adducing no evidence that any Plaintiff was improperly paid during that period.

5

During a hearing on that motion, Judge Woods issued a stern warning to Plaintiff's counsel as follows:

> Now the Troy Law Firm is a repeat player in FLSA litigation in this district as well as the Eastern District of New York. Were the type of litigation strategy displayed in this case demonstrated to be a part of a pattern of behavior of Troy Law, that may impact the outcome of the potential future sanctions for the lawyers present or the Troy Law Firm as a whole.

See copy of transcript from hearing annexed hereto as **Exhibit "B"** at 28:20-29:1 with the cited portion highlighted.

Here, Defendants respectfully submit that there is no excuse for Plaintiff's conduct, which is marked both by a failure to follow the Rules and – based on Plaintiff's responses to Defendants' demands – is willful and contumacious. Further, based on their prior conduct, Plaintiff and her counsel are seeking to exact a sum of money from Defendants by attrition in forcing them to incur attorneys' fees unnecessarily due to their abject failure to follow the Rules.

Based on the recent myriad sanctions issued against Plaintiff's counsel, it has become apparent that such behavior is a pattern and practice at this firm. This Court should issue sanctions appropriate to properly compensate Defendants for Plaintiff's nascent discovery abuses and intransigence in this case, and to deter Plaintiff's counsel from engaging in any similar conduct in the future, in this case and in others.

For the foregoing reasons, Defendants respectfully submit that Plaintiff and her counsel be sanctioned by paying Defendants' reasonable attorneys' fees and costs and/or being precluded from seeking damages for each category for which she has failed to provide a computation of damages.

We thank this Court for its time and attention to this matter.

Dated: Lake Success, New York
October 21, 2019

Respectfully submitted,

**MILMAN LABUDA LAW GROUP PLLC**

_____/s_____
Emanuel Kataev, Esq.
3000 Marcus Avenue, Suite 3W8
Lake Success, NY 11042-1073
(516) 328-8899 (office)
(516) 303-1395 (direct dial)
(516) 328-0082 (facsimile)
emanuel@mllaborlaw.com

cc: Counsel for Plaintiff – via ECF.