**TROY LAW, PLLC**
ATTORNEYS / COUNSELORS AT LAW
Tel: (718) 762-1324   troylaw@troypllc.com   Fax: (718) 762-1342
41-25 Kissena Boulevard, Suite 103, Flushing, NY 11355

August 31, 2020

**Via ECF**
Hon. Margo K. Brodie, U.S.D.J.
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

  Re: **Opposition to Defendants' Request for Pre-12(c) Motion Conference & Cross-Request for Pre-Rule 15 Motion Conference**
    *Soto v. Miss Laser, Inc.*, No. 19-cv-04745 (MKB) (CLP), (E.D.N.Y.)

Your Honor,

  This office represents the Plaintiffs in the above-referenced matter. We write respectfully to 1) oppose Defendants' request for a pre-motion conference regarding their contemplated motion to dismiss and 2) request a pre-motion conference regarding Plaintiff's contemplated motion to amend the Complaint.

**Opposition to Defendants' Request for a Pre-12(c) Motion Conference**

  When evaluating a Rule 12(c) motion, a court must accept all factual allegations as true and draw all reasonable inferences in favor of the nonmoving party. *See Hogan v. Fischer*, 738 F.3d 509, 514–15 (2d Cir. 2013). Allegations made upon information and belief satisfy the pleading requirements, especially when "the facts are peculiarly within the possession and control of the defendant." *Arista Records, LLC v. Doe 3*, 604 F.3d 110, 120 (2d Cir. 2010).

  Plaintiff Alleges FLSA Coverage

  In order to qualify as an enterprise within the meaning of the FLSA, an employer must "(1) [have] employees engaged in commerce or in the production of goods for commerce, or [have] employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person; and (2) [have] annual gross volume of sales made or business done… not less than $500,000."

  Several courts in this district have inferred the first prong satisfied based on the nature of the employer's business. *See*, *e.g.*, *Huerta v. Victoria Bakery*, 10-cv-04754 (RJD) (JO), 2012 U.S. Dist. LEXIS 46407, at *6 (E.D.N.Y. Mar. 30, 2012) (inferring the requisite commerce connection and finding it "inconceivable that some of the bread-making materials did not originate out of state or that the bakery did not sell its products outside the State of New York."); *Rodriguez v. Almighty Cleaning, Inc.*, 784 F. Supp. 2d 114, 118 (E.D.N.Y. 2011) (concluding that it was "logical to infer… that the cleaning supplies utilized by [janitors] originated outside of New York"); *Locke v. St. Augustine's Episcopal Church*, 690 F. Supp. 2d 77, 88 – 89 (E.D.N.Y. 2010) (same).

Hon. Margo K. Brodie, U.S.D.J.
August 31, 2020
*Soto v. Miss Laser, Inc.*, No. 19-cv-04745 (MKB) (CLP), (E.D.N.Y.)
Page 2 of 4

Plaintiff alleged her job title as a technician, and workplaces. *See* Cplt. ¶¶ 7, 23, 26. A simple Google search shows that the addresses at which Plaintiff claims she works are used by a group of laser hair removal salons. She also alleged that she was promised a commission. *See id.* ¶¶ 30–33. From this information, the Court could fairly infer that Plaintiff was employed at a laser hair removal business, performing services on customers, which utilized a laser. It is reasonable to infer that this sort of specialized equipment moved in commerce.

Plaintiff has alleged that Miss Laser, Inc., a single corporation operating three locations, had in excess of $500,000.00 gross annual revenue during the period of her employment. *See* Cplt. ¶ 9. In the absence of facts regarding Defendant's gross revenue peculiarly in the possession of Defendants, this pleading is sufficient at this stage. *See Rizzo v. DF Land LLC*, No. 13-cv-08664 (AKH), 2014 U.S. Dist. LEXIS 190358, at *5 (S.D.N.Y. June 9, 2014).

<u>Plaintiff Alleges Minimum Wage Violations</u>

The gravamen of Plaintiff's minimum wage claim is that she was not paid anything at all for some of the hours she worked. *See* Cplt. ¶ 37. Where a non-exempt employee has an agreement with her employer to be paid at a rate greater than the minimum wage, several courts have found that the failure to pay the promised rate is a violation Section 191 of the New York Labor Law. *See Cavalotti v. Daddyo's BBQ, Inc.*, No. 15-cv-06469 (PKC) (VMS), 2018 U.S. Dist. LEXIS 154918, at*34–35 (E.D.N.Y. Sep. 8, 2018) (collecting cases). Defendants' contemplated motion to dismiss Plaintiff's minimum wage claims fails for the New York law, and because it fails for the New York law and doesn't seek to dismiss Plaintiff's overtime claim, would lack any practical effect. Accordingly, it would be a waste of the parties' and the court's time and resources.

<u>Decision on Class or Collective Treatment is Premature</u>

Class certification of the New York Labor Law claim depends upon the satisfaction of the requirement set forth in Rule 23(a) of the Federal Rules of Civil Procedure. *See* Fed. R. Civ. P. 23(a); *see also Noble v. 93 University Place Corp.,* 224 F.R.D. 330, 341 (S.D.N.Y. 2004). In order to proceed on behalf of similarly situated employees on a claim under the New York Labor Law, Plaintiffs must first seek class action under Rule 23 of the Federal Rules of Civil Procedure. *Sipas v. Sammy's Fishbox, Inc.*, No. 05-cv-10319 (PAC), 2006 U.S. Dist. LEXIS 24318, at *10 n.3 (S.D.N.Y. Apr. 24, 2006). The Second Circuit has instructed district courts to apply Rule 23 according to a liberal, rather than restrictive, interpretation and to adopt a standard of flexibility. *Torres v. Gristede's Operating Corp.*, No. 04-cv-03316 (PAC), 2006 U.S. Dist. LEXIS 74039, at *26 (S.D.N.Y. Sept. 29, 2006) (citing *Marisol A. v. Giuliani*, 126 F.3d 372, 377 (2d Cir. 1997). (Assuming the truth of the factual allegations in the complaint, "Rule 23 is [to be] given liberal rather than restrictive construction.") Further, "it seems beyond peradventure that the Second Circuit's general preference is for granting rather than denying class certification," *Cortigiano v. Oceanview Manor Home for Adults*, 227 F.R.D 194, 203 (E.D.N.Y. 2005). Courts have further held viewing Rule 23 liberally effectuates the purpose of protecting small claims through aggregation and the promotion of judicial economy. *Eisen v. Carlisle & Jacqueline,* 391 F.2d 555, 560 (2d Cir. 1968).

Hon. Margo K. Brodie, U.S.D.J.
August 31, 2020
*Soto v. Miss Laser, Inc.*, No. 19-cv-04745 (MKB) (CLP), (E.D.N.Y.)
Page 3 of 4

However, although courts are obligated under Rule 23(c)(1) of the Federal Rules of Civil Procedure to determine whether to certify a class at "an early practicable time," courts are permitted to delay ruling on whether to certify the class until sufficient discovery is taken in order to determine whether the prerequisite for Rule 23 have been satisfied. *See* Fed. R. Civ. P. 23(c)(1). "[I]n making a certification decision, a judge must look somewhere 'between the pleading and the fruits of discovery…. Enough must be laid bare to let the judge survey the factual scene on a kind of sketchy relief map, leaving for later view the myriad of details that cover the terrain.'" *Sirota v. Soitron Devices, Inc.*, 673 F.2d 566, 571–72 (2d Cir. 1982). (citing *Professional Adjusting Systems, Inc. v. General Adjustment Bureau, Inc.*, 64 F.R.D. 35, 38 (S.D.N.Y. 1974)).

Collective "certification," by contrast, is something of a misnomer. It is a two-step process designed to facilitate other similarly situated employees opting into a named plaintiff's action. *See e.g. Myers v. Hertz Corp.*, 624 F.3d 537 (2d Cir. 2010) (describing the two-step process in detail). First, at an early stage in litigation, the court must make an initial determination limited strictly to whether the named plaintiffs are "similarly-situated" to the potential members of the FLSA collective, based on a modest factual showing by the plaintiff. *Myers*, 624 F.3d at 554. If the plaintiff meets her burden, the court facilitates dissemination of notice to other employees. Second, typically after a substantial period of discovery has been completed, the defendants may move for "decertification," where the district court will be asked to conduct a somewhat more stringent analysis of whether the plaintiffs who have opted-in are in fact "similarly-situated" to the named plaintiffs. *Myers*, 624 F.3d at 555. The action may be "decertified" if the record reveals that they are not similarly-situated, and the opt-ins' claims may be dismissed without prejudice. *Id*. This second step "utilizes a more stringent factual determination because the court is able to examine whether the actual plaintiffs brought into the case are similarly situated." Opt-in plaintiffs do not have to fulfill the requirements of Rule 23, and need only show that they are similarly situated to the named plaintiff.

Plaintiff has pleaded, but has not moved for certification of, a class or collective action. There has been no discovery taken in this case. Accordingly, it is far too early to determine whether Plaintiff's class claims should be dismissed. That decision should be left until such time as a motion for class certification is made.

<u>Plaintiff's Motive for Pursuing this Lawsuit Is Irrelevant</u>

Defendants essentially argues Plaintiff failed to take a settlement she should have taken. It is Plaintiff's prerogative to accept or reject any settlement offer made to her. *See Bais Yaakov of Spring Valley v. Educ. Testing Serv.*, 25 ("unaccepted offer of settlement for the full amount of damages claimed did not serve to moot the case on its own.") (citing *Cabala v. Crowley*, 736 F.3d 226, 228 – 29 (2d Cir. 2013). Here, as in *Cabala*, Defendants have not made a Rule 68 offer.

**<u>Cross-Request for Pre-Rule 15 Motion Conference</u>**

Moving to dismiss under Rule 12(c) at this moment would be premature in any event, as Plaintiff seeks leave to amend her complaint to add a claim of retaliation. On August 24, 2020, long after the commencement of this lawsuit, MISS LASER, INC. filed a lawsuit in the Supreme

3

Hon. Margo K. Brodie, U.S.D.J.
August 31, 2020
*Soto v. Miss Laser, Inc.*, No. 19-cv-04745 (MKB) (CLP), (E.D.N.Y.)
Page 4 of 4

Court of Queens County against Plaintiff, styled MISS LASER, INC. v. SOTO, 713756/2020 (Sup. Ct. Queens). MISS LASER, INC. has not filed a Complaint against Plaintiff, but their summons with notice describes the nature of their action as "[b]reach of duty of loyalty, breach of fiduciary duty, violation of faithless servant doctrine, conversion, unjust enrichment, money had and received, tortious interference with prospective economic advantage, and tortious interference with business relations." The summons with notice further describes the complained-of acts thusly: "Defendant [MICHELLE CAICEDO SOTO] breached her duty of loyalty and acted as a faithless servant in, *inter alia*, performing services for Plaintiff's customers in her home during, throughout, and after her employment with Plaintiff [MISS LASER, INC.] ended and pocketing the money performed for those services herself."

  However, all of the services, including so-called facial rejuvenation—a procedure involving the minimization of wrinkles and lines on the face—offered by Defendants required a laser to perform. In contrast, Plaintiff performed facials—deep cleanses with soaps, microdermabrasions with soaps, chemical skin peels, and microneedlings with dermarollers—which did not require lasers to perform. Plaintiff does not own a laser. In addition to offering different services than MISS LASER, INC., Plaintiff did not offer facials to the general public, but only to her social circle: her family, her friends, and friends of her family and friends. Plaintiff did not serve, or solicit for service, customers of MISS LASER, INC. Plaintiff had been providing facial services to her limited clientele since 2012. During her employment for MISS LASER, INC., Plaintiff had to cut back on performing facials, since her work for MISS LASER, INC. took up so much of her time. Throughout Plaintiff's employment, Defendants were aware that she occasionally performed facials in her home. Defendants made no attempt to discipline her for performing facials during her employment, because Plaintiff always put Miss Laser first. MISS LASER, INC.'s lawsuit is frivolous, baseless, and meritless, and was instituted for no purpose other than to harass Plaintiff, to force her to spend money and time defending a frivolous, baseless, and meritless suit, and by so doing to punish her for daring to seek redress for non-payment of wages.

  We provided Defense counsel with a copy of the proposed amended complaint and asked for their consent to amend on August 30, 2020, by email. They asked for a red-lined copy of the proposed amended complaint, which we provided this evening. However, they have not given their consent.

  We thank the Court for its attention to and consideration of this matter.

> Respectfully submitted,
> TROY LAW, PLLC
>
> */s/ Aaron B. Schweitzer*
> Aaron B. Schweitzer
> *Attorney for Plaintiffs*

cc: via ECF
  all counsel of record