~~TROY LAW~~TROY LAW, PLLC
John Troy (JT 0481)
41-25 Kissena Boulevard
Suite ~~119~~103
Flushing, NY 11355
Tel: (718) 762-1324
*Attorney for the Plaintiff, proposed FLSA Collective and potential Rule 23 Class*

~~UNITED STATES DISTRICT COURT~~
~~EASTERN DISTRICT COURT OF NEW YORK~~
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---------------------------------------------------------------x   Case No. 19-cv-04745 (MKB)(CLP)

~~MICHELLE CAICEDO SOTO,~~
MICHELLE CAICEDO SOTO,
*~~on her own~~ behalf of herself and ~~on behalf of~~ others similarly situated,*

                Plaintiff,

      v.

~~MISS LASER INC.~~
MISS LASER INC.
    d/b/a Miss Laser~~,~~
~~FRIDA KOYUNOV,~~
~~EMANUEL ARABOV~~FRIDA KOYUNOV,
EMANUEL ARABOV, and
~~JOSEF YUNAEV~~

JOSEF YUNAEV,

                Defendants.

---------------------------------------------------------------x

**29 U.S.C. § 216(b)** ~~COLLECTIVE ACTION & FED.~~**COLLECTIVE ACTION & FED. R. ~~CIV~~CIV. P. 23 ~~CLASS ACTION~~CLASS ACTION**

~~COMPLAINT~~**AMENDED SUPPLEMENTAL COMPLAINT**

Plaintiff ~~MICHELLE CAICEDO SOTO~~MICHELLE CAICEDO SOTO (hereinafter referred to as ~~"Plaintiff."~~"Plaintiff"), on behalf of herself and others similarly situated, by and through her ~~attorney~~attorneys, Troy Law, PLLC, hereby brings this complaint against Defendants ~~MISS LASER INC.~~MISS LASER INC. d/b/a Miss Laser~~, FRIDA KOYUNOV, EMANUEL ARABOV~~ (hereinafter referred to as "Corporate Defendant"), FRIDA KOYUNOV, EMANUEL ARABOV,

and ~~JOSEF YUNAEV~~ JOSEF YUNAEV (hereinafter collectively referred to as "Individual Defendants;" and hereinafter collectively with the Corporate Defendant referred to as "Defendants"), and alleges as follows:

Formatted: Line spacing: single

Formatted: Justified, Indent: Left: 0", First line: 0.5", Right: 0"

**INTRODUCTION**

1. This action is brought by the Plaintiff ~~MICHELLE CAICEDO SOTO~~, on behalf of herself as well as other employees similarly situated, against the Defendants for alleged violations of the Fair Labor Standards Act~~(~~ ("FLSA~~)~~"), 29 U.S.C. § 201 *et seq.* and New York Labor Law (("NYLL~~,~~."), N.Y. Lab. L., arising from Defendants' various ~~willfully~~willful and unlawful employment policies, patterns and practices.

2. Upon information and belief, Defendants have willfully and intentionally committed widespread violations of the FLSA and NYLL by engaging in a pattern and practice of failing to pay ~~its~~their employees, including Plaintiff, minimum wage for each hour worked and overtime compensation for all hours worked over forty (40) each workweek.

3. Plaintiff alleges pursuant to ~~the~~ FLSA~~,~~ that she is entitled to recover from the Defendants: (1) unpaid minimum ~~wage and~~wages, (2) unpaid overtime wages, (2~~3~~) liquidated damages, (3~~4~~) prejudgment and post-judgement interest; and ~~or (4~~(5) attorney's fees and costs.

4. Plaintiff further alleges pursuant to NYLL ~~§ 650 et seq.~~ and ~~Section~~ Part 142 of Title 12 of the New York Codes, Rules and Regulations ~~§ 146 (NYCRR)~~(the "Wage Order") that she is entitled to recover from the Defendants: (1) unpaid minimum ~~wage compensation and unpaid overtime compensation~~wages, (2) unpaid overtime wages, (3) unpaid spread-of-~~hours premium, (3)~~ time wages, (4) a penalty of up to five thousand dollars ($5,000.00) per Plaintiff for Defendants' failure to provide a ~~Time of Hire Notice~~wage notice at time of hire or thereafter detailing rates of pay and payday, (4~~)~~5) a penalty of up to five thousand dollars ($5,000.00) per Plaintiff for Defendants' failure to provide ~~a paystub~~wage statements that accurately and truthfully

lists employee's listed employees' hours along with the employee's name, employer's name, employer's address and telephone number, employee's rate or rates of pay, any deductions made from employee's wages, any allowances claimed as part of the minimum wage, and the employee's gross and net wages for each pay day, (56) liquidated damages equal to the sum of unpaid minimum wage, unpaid "spread of hours" premiumwages, unpaid overtime in the amount of twenty five percent under NYLL § 190 et seq., § 650 et seq.,wages, and one hundred percent after April 9, 2011 under NY Wage Theft Prevention Act, (6) unpaid spread-of-time wages, (7) 9% simple prejudgment interest provided by NYLL, (7), (8) post-judgment interest, and (89) attorney's fees and costs.

<u>**JURISDICTION AND VENUE**</u>

5.      This Court has original federal question jurisdiction over this controversy under 29 U.S.C. § 216(b) and 28 U.S.C. § 1331, and has supplemental jurisdiction over the NYLL claims pursuant to 28 U.S.C. § 1367(a).

6.      Venue is proper in the Eastern District Court of New York pursuant to 28 U.S.C. §§ 1391(b) and (c), because Defendants conduct business in this District, and the acts and omissions giving rise to the claims herein alleged took place in this District.

<u>**PLAINTIFF**</u>

7.      From on or about November 10, 2016 tothrough on or about June 12, 2019, Plaintiff MICHELLE CAICEDO SOTO was employed by Defendants to work as a laser technician for Defendants at their laser hair removal salons at 87-10 Northern Blvd.,Boulevard, Jackson Heights, NY 11372; 47-02 47th Ave.,Avenue, Woodside, NY 11377; and 32-51 Francis Lewis Blvd.,Boulevard, Flushing, NY 11358.

<u>**DEFENDANTS**</u>

***Corporate Defendant***

8.  Defendant ~~MISS LASER INC~~MISS LASER INC. d/b/a Miss Laser is a domestic business corporation organized under the laws of the State of New York with a principal address at 87-10 Northern ~~Blvd.,~~Boulevard, Jackson Heights, NY 11372.

9.  ~~MISS LASER INC.~~MISS LASER INC. d/b/a Miss Laser is a business engaged in interstate commerce that has gross sales in excess of five hundred thousand dollars ($500,000) per year.

10.  ~~MISS LASER INC.~~MISS LASER INC. d/b/a Miss Laser purchased, and employees of MISS LASER INC. d/b/a Miss Laser, including Plaintiff, handled goods moved in interstate commerce.

***~~Owner/Operator~~Individual Defendants***

11.  The Individual Defendants are officers, directors, managers and/or majority share-holders ~~or owners~~ of the Corporate Defendant and being among the ten largest shareholders ~~and/or LLC members~~, are individually responsible for unpaid wages under Section 630(a) of the New York Business Corporation Law ~~and Limited Liability Company Law. NYBSC § 630(a), NYLLC § 609(c).~~

12.  ~~FRIDA KOYUNOV~~FRIDA KOYUNOV, known as ~~"~~"Lady Boss~~"~~" to Plaintiff and the ~~DOS Process and~~ Chief Executive Officer of ~~MISS LASER INC~~and registered agent for service of process for MISS LASER INC. d/b/a Miss Laser, (1) had the power to hire and fire employees of, (2) supervised and controlled employee work schedules or conditions of employment at, (3) determined ~~the rate~~employees' rates and ~~method~~methods of payment at, and (4) maintained employee records ~~at MISS LASER INC.~~for MISS LASER INC. d/b/a Miss Laser.~~f~~

13.  ~~FRIDA KOYUNOV~~FRIDA KOYUNOV hired Plaintiff.

14.  ~~FRIDA KOYUNOV~~FRIDA KOYUNOV fired Plaintiff.

15. ~~FRIDA KOYUNOV~~Together with EMANUEL ARABOV and JOSEF YUNAEV, FRIDA KOYUNOV paid Plaintiff and other Miss Laser employees.

**Formatted:** Indent: Left: 0", First line: 0.5", Right: 0"

~~15.~~16. FRIDA KOYUNOV acted intentionally and maliciously and is an employer pursuant to Section 203(d) of the FLSA, ~~29 U.S.C. § 203(d) and regulations promulgated thereunder, 29 C.F.R. §~~Section 791.2~~, NYLL § 2 and~~ of Title 29 of ~~the regulations thereunder~~Code of Federal Regulations, Section 2.6 of the NYLL, and is jointly and severally liable with ~~MISS LASER INC.~~MISS LASER INC. d/b/a Miss Laser.

~~16.~~17. ~~EMANUEL ARABOV~~EMANUEL ARABOV, known as "'Boss"' to Plaintiff~~,~~ and the husband of FRIDA KOYUNOV, (1) had the power to hire and fire employees of, (2) supervised and controlled employee work schedules or conditions of employment at, (3) determined ~~the rate~~employees' rates and ~~method~~methods of payment at, and (4) maintained employee records ~~at MISS LASER INC.~~for MISS LASER INC. d/b/a Miss Laser.

17. ~~EMANUEL ARABOV is the Husband of FRIDA KOYUNOV.~~

18. Together with ~~FRIDA KOYUNOV~~FRIDA KOYUNOV and ~~JOSEF YUNAEV, EMANUEL ARABOV~~JOSEF YUNAEV, EMANUEL ARABOV paid Plaintiff and other Miss Laser employees.

**Formatted:** Indent: Left: 0", First line: 0.5", Right: 0"

19. ~~EMANUEL ARABOV~~EMANUEL ARABOV acted intentionally and maliciously and is an employer pursuant to ~~FLSA, 29 U.S.C. §~~Section 203(d) ~~and regulations promulgated thereunder, 29 C.F.R. §~~of the FLSA, Section 791.2~~,~~ of Title 29 of the Code of Federal Regulations, Section 2.6 of the NYLL ~~§ 2 and the regulations thereunder~~, and is jointly and severally liable with ~~MISS LASER INC.~~MISS LASER INC. d/b/a Miss Laser.

20. ~~JOSEF YUNAEV~~JOSEF YUNAEV, known as "'Boss"' to Plaintiff and ~~Nephew~~the nephew of ~~FRIDA KOYUNOV~~FRIDA KOYUNOV, (1) had the power to hire and

fire employees ~~of~~, (2) supervised and controlled employee work schedules or conditions of employment ~~at~~, (3) determined ~~the rate~~employees' rates and ~~method~~methods of payment ~~at~~, and (4) maintained employee records ~~at MISS LASER INC.~~for MISS LASER INC. d/b/a Miss Laser.~~f~~

21.     Together with ~~FRIDA KOYUNOV~~FRIDA KOYUNOV and ~~EMANUEL ARABOV, JOSEF YUNAEV~~EMANUEL ARABOV, JOSEF YUNAEV paid Plaintiff and other Miss Laser employees.

22.     ~~JOSEF YUNAEV~~JOSEF YUNAEV acted intentionally and maliciously and is an employer pursuant to ~~FLSA, 29 U.S.C. §~~Section 203(d) ~~and regulations promulgated thereunder, 29 C.F.R. §~~of the FLSA, Section 791.2 of Title 29 of the Code of Federal Regulations, Section 2.6 of the NYLL ~~§ 2 and the regulations thereunder~~, and is jointly and severally liable with ~~MISS LASER INC.~~MISS LASER INC. d/b/a Miss Laser.

### STATEMENT OF FACTS

23.     Corporate Defendant ~~MISS LASER INC. d/b/a Miss Laser has~~operates three (3) ~~locations~~laser hair removal salons, at:

a.     -87-10 Northern ~~Blvd.,~~Boulevard, Jackson Heights, NY 11372~~;~~ (hereinafter referred to as the "Jackson Heights Miss Laser");

b.     47-02 47th ~~Ave.,~~Avenue, Woodside, NY 11377~~;~~ (hereinafter referred to as the "ML LIC"); and

c.     32-51 Francis Lewis ~~Blvd.,~~Boulevard, Flushing, NY 11358 (hereinafter referred to as the "Bayside Miss Laser").

24.     Defendants committed the following alleged acts knowingly, intentionally and willfully against the Plaintiff, the ~~FLSA~~ Collective ~~Plaintiffs~~, and the Class.

25.     Defendants did not post the required New York State Department of Labor posters regarding minimum wage ~~pay rates~~, overtime ~~pay~~, tip credit, and pay day.

***Plaintiff*** ~~*MICHELLE CAICEDO SOTO*~~*MICHELLE CAICEDO SOTO*

26.     From on or about November 10, 2016 to June 12, 2019, Plaintiff ~~MICHELLE CAICEDO SOTO~~ was employed by Defendants to work as a laser technician. She was assigned to work at ~~87-10 Northern Blvd.~~Jackson Heights Miss Laser, ML LIC, and ~~47-02 47th Ave., Woodside, NY 11377~~Bayside Miss Laser based on ~~demand~~those locations' needs, sometimes having to transit from location to location during the same work day.

27.     ~~From on or about November 10, 2016 to June 12, 2019, Plaintiff MICHELLE CAICEDO SOTO's~~Throughout her employment, Plaintiff's regular work schedule ran ~~from~~for, on average, 55.25 hours per week:

        a.     ~~Between~~From between 09:45 ~~to~~and 10:00 ~~to~~through 19:30 ~~for nine and three quarter (9.75) hours.~~, on average, 9.63 hours per day, 5 days per week (Mondays through Fridays ~~for five (5) days and forty-eight and three quarter ()~~, amounting to, on average, 48.~~75)~~13 hours ~~a~~per week; and

        b.     ~~Between~~From between 09:45 ~~to~~and 10:~~0~~00 to 17:00 ~~for seven and a quarter (, on average, 7.25) hours~~13 houer per day, on Sundays.

28.     ~~Every five (~~However, about every 5~~)~~ weeks, Plaintiff would work ~~five (5)~~ days instead of 6, with ~~two (2)~~ days off ~~for a total of fifty-six (56) hours each week,~~ for on average 45.63 hours per week if her extra day off was a weekday, and 48.13 hours per week if her extra day off was a Sunday.

29.     ~~At all relevant times~~Throughout her employment, Plaintiff ~~MICHELLE CAICEDO SOTO~~ did not have a fixed time for lunch or for dinner.

30.     From on or about November 10, 2016 ~~to~~through on or about December 31, 2016, Plaintiff ~~MICHELLE CAICEDO SOTO~~ was promised an hourly rate of ten dollars (~~$$~~$10.00)~~.~~, plus commission.

31. From on or about January 01, 2017 ~~to~~through on or about May 31, 2017, Plaintiff ~~MICHELLE CAICEDO SOTO~~ was promised an hourly rate of twelve dollars (~~$$~~$12.00~~).~~, plus commission.

32. From on or about June 01, 2017 ~~to~~through on or about March 23, 2019, Plaintiff ~~MICHELLE CAICEDO SOTO~~ was promised an hourly rate of fifteen dollars (~~$$~~$15.00~~).~~, plus commission.

33. From on or about April 07, 2019 ~~to~~through on or about June 15, 2019, Plaintiff ~~MICHELLE CAICEDO SOTO~~ was promised an hourly rate of seventeen dollars (~~$$~~$17.00~~).~~, plus commission.

34. ~~However,~~ ~~at all relevant times~~throughout her employment, Plaintiff ~~MICHELLE CAICEDO SOTO~~ was not paid for all hours worked.

35. Instead, Plaintiff ~~MICHELLE CAICEDO SOTO~~ was paid ~~sixty (~~for 60~~)~~ hours ~~in~~over each two-week pay period, by check ~~every two (2) weeks~~.

36. Plaintiff ~~MICHELLE CAICEDO SOTO~~ was paid the remainder of the hours—excepting work done before 10:00 and after 19:00, which are unpaid—~~in~~at her straight~~-~~ time hourly rate ~~rather than the time~~ (without her hours in excess of 40 each week being paid at a time-and ~~a~~-half ~~overtime~~hourly rate), in a separate check with no ~~deduction~~deductions.

37. Hence, Plaintiff ~~MICHELLE CAICEDO SOTO~~ was not paid for around forty five (45) minutes of work each day, and is also owed ~~the~~ one-half ~~~~ her regular hourly rate for each hour worked in excess of forty (40) in a given workweek.

38. At all relevant times, Plaintiff ~~MICHELLE CAICEDO SOTO~~ was not paid at the one and one half times (1.5x) the regular rate for overtime work.

39. At all relevant times, Plaintiff ~~MICHELLE CAICEDO SOTO~~ was never informed

of her hourly pay rate or any tip deductions toward the minimum wage.

40. Throughout her employment, Plaintiff ~~MICHELLE CAICEDO SOTO~~ was not given a statement with her weekly payment reflecting employee's name, employer's name, employer's address and telephone number, employee's rate or rates of pay, any deductions made from employee's wages, any allowances claimed as part of the minimum wage, and the employee's gross and net wages for each pay day in Spanish, Plaintiff's native language.

41. Throughout her employment, Plaintiff ~~MICHELLE CAICEDO SOTO~~ was not compensated at least at one-and-one-half her promised hourly wage for all hours worked above forty (40) in each workweek.

42. Throughout her employment, Plaintiff ~~MICHELLE CAICEDO SOTO~~ was not compensated for New York's "spread of hours" premium for shifts that lasted longer than ten (10) hours at her promised rate.

43. On August 24, 2020, long after the commencement of this lawsuit, MISS LASER, INC. filed a lawsuit in the Supreme Court of Queens County against Plaintiff, styled MISS LASER, INC. v. SOTO, 713756/2020 (Sup. Ct. Queens).

44. MISS LASER, INC. ~~has not filed a Complaint against Plaintiff, but their~~'s summons with notice describes the nature of their action as "[b]reach of duty of loyalty, breach of fiduciary duty, violation of faithless servant doctrine, conversion, unjust enrichment, money had and received, tortious interference with prospective economic advantage, and tortious interference with business relations."

45. The summons with notice further describes the complained-of acts thusly: "Defendant [MICHELLE CAICEDO SOTO] breached her duty of loyalty and acted as a faithless servant in, *inter alia*, performing services for Plaintiff's customers in her home during, throughout,

and after her employment with Plaintiff [MISS LASER, INC.] ended and pocketing the money performed for those services herself."

_____

46.    However, all of the services, including so-called facial rejuvenation—a procedure involving the minimization of wrinkles and lines on the face—offered by Defendants required a laser to perform.

47.    In contrast, Plaintiff performed facials—deep cleanses with soaps, microdermabrasions with soaps, chemical skin peels, and microneedlings with dermarollers—which did not require lasers to perform. Plaintiff does not own a laser.

48.    In addition to offering different services than MISS LASER, INC., Plaintiff did not offer facials to the general public, but only to her social circle: her family, her friends, and friends of her family and friends.

49.    In the Complaint, MISS LASER INC.'s complained-of acts expanded to selling "additional services" both "at home" and during working time.

50.    MISS LASER INC.'s causes of action were breach of fiduciary duty, breach of duty of loyalty, faithlessness of servant, tortious interference with prospective economic advantage, and tortious interference with business relations.

51.    Plaintiff did not serve, or solicit for service, customers of MISS LASER, INC.

52.    Plaintiff had been providing facial services to her limited clientele since 2012.

53.    During her employment for MISS LASER, INC., Plaintiff had to cut back on performing facials, since her work for MISS LASER, INC. took up so much of her time.

54.    Throughout Plaintiff's employment, Defendants were aware that she occasionally performed facials in her home. Defendants made no attempt to discipline her for performing facials

during her employment, because Plaintiff always put Miss Laser first.

55.     MISS LASER, INC.'s lawsuit is frivolous, baseless, and meritless, and was instituted for no purpose other than to harass Plaintiff, to force her to spend money and time defending a frivolous, baseless, and meritless suit, and by so doing to punish her for daring to seek redress for non-payment of wages.

56.     Plaintiff has moved in the Queens Supreme Court to dismiss MISS LASER, INC.'s complaint against her.

**COLLECTIVE ACTION ALLEGATIONS**

43.57.  Plaintiff brings this action individually and as class representative individually and on behalf of all other and former non-exempt employees who have been or were employed by the Defendants for up to the last three (3) years, through entry of judgment in this case (the "Collective Action Period") and whom were not compensated at their promised hourly rate for all hours worked and at one and one half times their promised work for all hours worked in excess of forty (40) hours per week (the "Collective Action Members").

**CLASS ACTION ALLEGATIONS**

44.58.  Plaintiff brings her NYLL claims pursuant to Federal Rules of Civil Procedure ("Fed. R. Civ. P.") Rule 23, on behalf of all non-exempt personnel employed by Defendants on or after the date that is six years before the filing of the Complaint in this case as defined herein (the "Class Period").

45.59.  All said persons, including Plaintiff, are referred to herein as the "Class."

46.60.  The Class members are readily ascertainable. The number and identity of the Class members are determinable from the records of Defendants. The hours assigned and worked, the positions held, and the rate of pay for each Class Member is also determinable from Defendants' records. For purpose of notice and other purposes related to this action, their names and addresses

are readily available from Defendants. Notice can be provided by means permissible under said Fed. R. Civ. P. 23.

***Numerosity***

~~47.~~ 61. The proposed Class is so numerous that joinder of all members is impracticable, and the disposition of their claims as a class will benefit the parties and the Court. Although the precise number of such persons is unknown, and the facts on which the calculation of the number is presently within the sole control of the Defendants, upon information and belief, there are more than forty (40) members of the class.

***Commonality***

~~48.~~ 62. There are questions of law and fact common to the Class which predominate over any questions affecting only individual class members, including:

    a.    Whether Defendant employed Plaintiff  and the Class within the meaning of the New York law;

    b.    Whether Plaintiff  and Class members are promised and not paid at their promised hourly wage;

    c.    Whether Plaintiff  and Class members are not paid at least the hourly minimum wage for each hour worked;

    d.    Whether Plaintiff  and Class members are entitled to and paid overtime at their promised hourly wage under the New York Labor Law;

    e.    Whether Defendants maintained a policy, pattern and/or practice of failing to pay Plaintiff  and the Rule 23 Class spread-of-hours pay as required by the NYLL;

    f.    Whether Defendants maintained a policy, pattern and/or practice of failing to provide requisite statutory meal periods;

    g.    Whether Defendants provided a Time of Hire Notice detailing rates of pay

and payday at the start of Plaintiff and the Rule 23 Class's start of employment and/or timely thereafter;

   h.    Whether Defendants provided paystubs detailing the rates of pay and credits taken towards the minimum wage to Plaintiff and the Rule 23 class on each payday; and

   i.    At what common rate, or rates subject to common method of calculation was and is Defendants required to pay the Class members for their work.

***Typicality***

~~49.~~63.  Plaintiff's claims are typical of those claims which could be alleged by any member of the Class, and the relief sought is typical of the relief that would be sought by each member of the Class in separate actions. All the Class members were subject to the same corporate practices of Defendants, as alleged herein, of failing to pay minimum wage or overtime compensation. Defendants' corporate-wide policies and practices affected all Class members similarly, and Defendants benefitted from the same type of unfair and/or wrongful acts as to each Class member. Plaintiff and other Class members sustained similar losses, injuries and damages arising from the same unlawful policies, practices and procedures.

***Adequacy***

~~50.~~64.  Plaintiff is able to fairly and adequately protect the interests of the Class and have no interests antagonistic to the Class. Plaintiff is represented by attorneys who are experienced and competent in representing Plaintiffs in both class action and wage-and-hour employment litigation cases.

***Superiority***

~~51.~~65.  A class action is superior to other available methods for the fair and efficient adjudication of the controversy, particularly in the context of wage-and-hour litigation where individual Class members lack the financial resources to vigorously prosecute a lawsuit against corporate

defendants. Class action treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently and without the unnecessary duplication of efforts and expenses that numerous individual actions engender. Because the losses, injuries and damages suffered by each of the individual Class members are small in the sense pertinent to a class action analysis, the expenses and burden of individual litigation would make it extremely difficult or impossible for the individual Class members to redress the wrongs done to them. Further, important public interests will be served by addressing the matter as a class action. The adjudication of individual litigation claims would result in a great expenditure of Court and public resources; however, treating the claims as a class action would result in a significant saving of these costs. The prosecution of separate actions by individual members of the Class would create a risk of inconsistent and/or varying adjudications with respect to the individual members of the Class, establishing incompatible standards of conduct for Defendants and resulting in the impairment of Class members' rights and the disposition of their interests through actions to which they were not parties. The issues in this action can be decided by means of common, class-wide proof. In addition, if appropriate, the Court can, and is empowered to, fashion methods to efficiently manage this action as a class action.

52.66.  Upon information and belief, Defendants and other employers throughout the state violate the New York Labor Law. Current employees are often afraid to assert their rights out of fear of direct or indirect retaliation. Former employees are fearful of bringing claims because doing so can harm their employment, future employment, and future efforts to secure employment. Class actions provide class members who are not named in the complaint a degree of anonymity which allows for the vindication of their rights while eliminating or reducing these risks.

## STATEMENT OF CLAIMS

### COUNT I.

Formatted: Right: 0"

**[Violations of the Fair Labor Standards Act—Unpaid Failure to Pay Minimum Wages**
**Brought on behalf of the Plaintiff and the FLSA Collective]**

Formatted: Indent: Left: 0", First line: 0.5", Right: 0"

53. 67. Plaintiff re-alleges and incorporates by reference all preceding paragraphs as though fully set forth herein.

54. 68. At all relevant times, Defendants had a policy and practice of refusing to pay Plaintiff in full, and the similarly situated collective action members, for some or all of the hours they worked.

55. 69. The FLSA provides that any employer who violates the provisions of 29 U.S.C. § 206 shall be liable to the employees affected in the amount of their unpaid wage, and in an additional equal amount as liquidated damages.

56. 70. Defendants knowingly and willfully disregarded the provisions of the FLSA as evidenced by failing to compensate Plaintiff and Collective Class Members at the statutory minimum wage when they knew or should have known such was due and that failing to do so would financially injure Plaintiff and Collective Action members.

### COUNT II.

Formatted: Right: 0"

**[Violation of New York Labor Law—Unpaid Failure to Pay Minimum Wage, Failure to**
**Pay Wages at Regular Rate for All Hours Worked**
**Brought on behalf of Plaintiff and Rule 23 Class]**

Formatted: Indent: Left: 0", First line: 0.5", Right: 0"

57. 71. Plaintiff re-alleges and incorporates by reference all preceding paragraphs as though fully set forth herein.

58. 72. At all relevant times, Plaintiff is employed by Defendants within the meaning of New York Labor Law §§ 2 and 651.

59. 73. At all relevant times, Defendants had a policy and practice of refusing to pay Plaintiff, and the collective action members, in full for some or all of the hours they worked.

60.74.  Defendants knowingly and willfully violated Plaintiff's and similarly situated Class Members' rights by failing to pay him minimum wages in the lawful amount for hours worked.

61.75.  An employer who fails to pay the minimum wage shall be liable, in addition to the amount of any underpayments, for liquidated damages equal to twenty five percent (25%) of the shortfall under NYLL §§ 190 *et seq.*, §§ 650 *et seq.*, and one hundred percent (100%) after April 9, 2011 under NY Wage Theft Prevention Act, and interest.

## COUNT III.
### [Violations of the Fair Labor Standards Act—Failure to Pay Overtime Brought on behalf of the Plaintiff and the FLSA Collective]

62.76.  Plaintiff  re-alleges and incorporates  by reference all preceding paragraphs as though fully set forth herein.

63.77.  The FLSA provides that no employer engaged in commerce shall employ a covered employee for a work week longer than forty (40) hours unless such employee receives compensation for employment in excess of forty (40) hours at a rate not less than one and one-half times the regular rate at which he is employed, or one and one-half times the minimum wage, whichever is greater. 29 U.S.C. § 207(a).

64.78.  The FLSA provides that any employer who violates the provisions of 29 U.S.C. § 207 shall be liable to the employees affected in the amount of their unpaid overtime compensation, and in an additional equal amount as liquidated damages. 29 USC § 216(b).

65.79.  Defendants' failure to pay Plaintiff  and the FLSA Collective their overtime pay violated the FLSA.

66.80.  At all relevant times, Defendants had, and continue to have, a policy of practice of refusing to pay overtime compensation at the statutory rate of time and a half to Plaintiff  and Collective Action Members for all hours worked in excess of forty (40) hours per workweek,

which violated and continues to violate the FLSA, 29 U.S.C. §§ 201, *et seq.*, including 29 U.S.C. §§ 207(a)(1) and 215(a).

~~67.~~81.  The FLSA and supporting regulations required employers to notify employees of employment law requires employers to notify employment law requirements. 29 C.F.R. § 516.4.

~~68.~~82.  Defendants willfully failed to notify Plaintiff and FLSA Collective of the requirements of the employment laws in order to facilitate their exploitation of Plaintiff and FLSA Collectives' labor.

~~69.~~83.  Defendants knowingly and willfully disregarded the provisions of the FLSA as evidenced by their failure to compensate Plaintiff and Collective Class Members the statutory overtime rate of time and one half for all hours worked in excess of forty (40) per week when they knew or should have known such was due and that failing to do so would financially injure Plaintiff and Collective Action members.

**COUNT IV.**
**[Violation of New York Labor Law—Failure to Pay Overtime**
**Brought on behalf of Plaintiff and Rule 23 Class]**

~~70.~~84.  Plaintiff re-alleges and incorporates by reference all preceding paragraphs as though fully set forth herein.

~~71.~~85.  An employer who fails to pay the minimum wage shall be liable, in addition to the amount of any underpayments, for liquidated damages equal to twenty-five percent (25%) before April 9, 2011 and one hundred percent (100%) thereafter under NY Wage Theft Prevention Act, and interest.

~~72.~~86.  At all relevant times, Defendants had a policy and practice of refusing to pay the overtime compensation to Plaintiff at one and one-half times the hourly rate the Plaintiff and the class are entitled to.

~~73.~~87.  Defendant' failure to pay Plaintiff her overtime pay violated the NYLL.

74.88. Defendants' failure to pay Plaintiff  was not in good faith.

**COUNT V.**
**[Violation of New York Labor Law—Failure to Pay Spread- of - Time Pay Wages**
**Brought on behalf of Plaintiff and Rule 23 Class]**

75.89. Plaintiff  re-alleges and incorporates  by reference all preceding paragraphs as though fully set forth herein.

76.90. The NYLL requires employers to pay an extra hour's pay for every day that an employee works an interval in excess of ten hours pursuant to NYLL §§ 190, *et seq.*, and §§ 650, *et seq.*, and New York State Department of Labor regulations § 146-1.6.

77.91. Defendants' failure to pay Plaintiff  spread-of-hours pay was not in good faith.

**COUNT VI.COUNT I.**
**[Violation of New York Labor Law—Failure to Provide Meal Periods**
**Brought on behalf of Plaintiff and the Rule 23 ClassWage Notice]**

78.1. Plaintiff  re-alleges and incorporates  by reference all preceding paragraphs as though fully set forth herein.

79. The NYLL requires that employees provide: a noon day meal period of at least thirty (30) minutes for employees who work a shift of more than six hours extending over the noon day meal period from 11 a.m. to 2 p.m.; an additional meal period between 5 p.m. and 7 p.m. of at least twenty (20) minutes for employees whose shift started before 11 a.m. and continues later than 7 p.m.; and/or a forty-five (45) minute meal period at a time midway between the beginning and end of the shift for employees whose shift lasts more than six hours and starts between 1 p.m. and 6 a.m. NYLL § 162.

80. Defendants failed to provide meal periods required by NYLL § 162 for every day that Plaintiff worked.

81. Though the Department of Labor commissioner may permit a shorter time to be fixed for meal periods than hereinbefore provided, such permit must be in writing and be

kept conspicuously posted in the main entrance of the establishment. No such permit is posted.

82. Defendants' failure to provide the meal periods required by NYLL § 162 was not in good faith.

### COUNT VII.COUNT VI.
**[Violation of New York Labor Law – Failure to Keep Records**
**Brought on behalf of Plaintiff and Rule 23 Class]**

83.1. Plaintiff re-alleges and incorporates by reference all preceding paragraphs as though fully set forth herein.

84. Defendants did not maintain, establish and preserve Plaintiff's weekly payroll records for a period of not less than six years, as required by NYCRR § 146-2.1.

85. As a result of Defendants' unlawful conduct, Plaintiff has sustained damages including loss of earning, in an amount to be established at trial, liquidated damages, prejudgment interest, costs and attorneys' fee, pursuant to the state law.

86. Upon information and belief, Defendants failed to maintain adequate and accurate written records of actual hours worked and true wages earned by Plaintiff in order to facilitate their exploitation of Plaintiff's labor.

87. Defendants' failure to maintain adequate and accurate written records of actual hours worked and true wages earned by Plaintiff were not in good faith.

### COUNT VIII.
**[Violation of New York Labor Law – Failure to Provide Time of Hire Wage Notice**
**Brought on behalf of Plaintiff and Rule 23 Class]**

88.92. Plaintiff re-alleges and incorporates by reference all preceding paragraphs as though fully set forth herein.

89.93. The NYLL and supporting regulations require employers to provide written notice of the rate or rates of pay and the basis thereof, whether paid by the hour, shift, day, week, salary,

piece, commission, or other; allowances, if any, claimed as a part of minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer; the name of the employer; any "doing business as" names used by the employer; the physical address of employer's main office or principal place of business, and a mailing address if different; the telephone number of the employer.  NYLL §195-1(a).

90.94.  Defendants intentionally failed to provide notice to employees in violation of New York Labor Law § 195, which requires all employers to provide written notice in the employee's primary language about the terms and conditions of employment related to rate of pay, regular pay cycle and rate of overtime on their or her first day of employment.

91.95.  Defendants not only did not provide notice to each employee at Time of Hire, but failed to provide notice to Plaintiff  even after the fact.

92.96.  Due to Defendants' violations of New York Labor Law, Plaintiff is entitled to recover from Defendants, jointly and severally, $50 for each workday that the violation occurred or continued to occur, up to $5,000, together with costs and attorneys' fees pursuant to New York Labor Law. N.Y. Lab. Law §198(1-b).

**COUNT IX.COUNT VII.**
**[Violation of New York Labor Law—Failure to Provide Wage Statements**
**Brought on behalf of Plaintiff and Rule 23 Class]**

93.97.  Plaintiff  re-alleges and incorporates  by reference all preceding paragraphs as though fully set forth herein.

94.98.  The NYLL and supporting regulations require employers to provide detailed paystub information to employees every payday. NYLL § 195-1(d).

95.99.  Defendants have failed to make a good faith effort to comply with the New York Labor Law with respect to compensation of each Plaintiff, and did not provide the paystub on or after each Plaintiffs' payday.

96.100.   Due to Defendants' violations of New York Labor Law, Plaintiff is entitled to recover from Defendants, jointly and severally, $250 for each workday of the violation, up to $5,000 for each Plaintiff together with costs and attorneys' fees pursuant to New York Labor Law. N.Y. Lab. Law §198(1-d).

### COUNT VIII.
### [Violation of the Fair Labor Standards Act—Retaliation
### Brought on behalf of Plaintiff]

101.   Plaintiff re-alleges and incorporates by reference all preceding paragraphs as though fully set forth herein.

102.   Section 215(a)(3) of the FLSA prohibits "any person" from retaliating against an employee because he or she has "filed any complaint or instituted or caused to be instituted any proceeding under or related to" the rights contained in the FLSA.

103.   Section 216(b) of the FLSA establishes a right of action against "[a]ny employer who violates the provisions of section 215(a)(3) of this title." Section 203(d) of the FLSA defines "employer" as "any person acting directly or indirectly in the interest of an employer in relation to an employee," save for labor organizations.

104.   MISS LASER, INC. was Plaintiff's employer.

105.   This lawsuit constituted a "complaint" alleging Plaintiff's violation of rights protected by the FLSA, and constituted a protected activity under the FLSA.

106.   MISS LASER, INC.'s actions in instituting its lawsuit against Plaintiff constituted retaliation within the meaning of Section 215(a)(3) of the FLSA, as they were taken in direct response to Plaintiff's assertion of workplace rights protected by the FLSA.

107.   As a direct, foreseeable, and proximate result of MISS LASER, INC.'s actions, Plaintiff has incurred and continues to incur expenses, including but not limited to attorneys' fees and costs.

108.    MISS LASER, INC. committed the acts alleged maliciously, fraudulently, and oppressively with the wrongful intent to injure Plaintiff. Defendant acted with an improper and evil motive amounting to malice and conscious disregard for Plaintiff's rights. The acts taken toward Plaintiff were carried out by Defendant acting in deliberate, callous, and intentional manner with a desire to injure and damage.

109.    Pursuant to Section 216(b) of the FLSA, Plaintiff is entitled to legal and equitable relief including declaratory relief, compensatory and punitive damages, as well as reasonable attorneys' fees and costs.

## COUNT IX.
### [Violation of New York Labor Law—Retaliation
### Brought on behalf of Plaintiff]

110.    Plaintiff re-alleges and incorporates by reference all preceding paragraphs as though fully set forth herein.

111.    Section 215.1(a) NYLL prohibits any "employer" from retaliating against an employee because he or she has "made a complaint to his or her employer, or to the commissioner or his or her authorized representative, or to the attorney general or any other person, that the employer has engaged in conduct that the employee, reasonably and in good faith, believes violates any provision of" the NYLL.

~~filed any complaint or instituted or caused to be instituted any proceeding under or related to" the rights contained in the FLSA.~~

112.    Section 215.2(a) of the NYLL establishes a right of action against "any employer or persons alleged to have violated the provisions of this section." Section2.6 of the NYLL defines "employer" as "the person employing any such [employee]."

113.    MISS LASER, INC. was Plaintiff's employer.

114.    This lawsuit constituted a "complaint" alleging Plaintiff's violation of rights protected by the ~~FLSA~~NYLL, and constituted a protected activity under the ~~FLSA~~NYLL.

115.    MISS LASER, INC.'s actions in instituting its lawsuit against Plaintiff constituted retaliation within the meaning of Section 215(1)(a) ~~(a)(3)~~ of the ~~FLSA~~NYLL., as they were taken in direct response to Plaintiff's assertion of workplace rights protected by the ~~FLSA~~NYLL.

116.    Plaintiff has duly served notice of this action upon the Attorney General of the State of New York..

117.    As a direct, foreseeable, and proximate result of MISS LASER, INC.'s actions, Plaintiff has incurred and continues to incur expenses, including but not limited to attorneys' fees and costs.

118.    MISS LASER, INC. committed the acts alleged maliciously, fraudulently, and oppressively with the wrongful intent to injure Plaintiff. Defendant acted with an improper and evil motive amounting to malice and conscious disregard for Plaintiff's rights. The acts taken toward Plaintiff were carried out by Defendant acting in deliberate, callous, and intentional manner with a desire to injure and damage.

119.    Pursuant to Section ~~216(b)~~ 215 of the ~~FLSA~~NYLL, Plaintiff is entitled to legal and equitable relief including declaratory relief, liquidated damages, compensatory and punitive damages, as well as reasonable attorneys' fees and costs.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff, on behalf of herself~~,~~ and on ~~the~~ behalf of the ~~FLSA~~ Collective ~~Plaintiffs~~ and ~~Rule 23~~ Class, respectfully requests that this Court enter a judgment providing the following relief:

a)    Authorizing Plaintiff at the earliest possible time to give notice of this collective action, or that the Court issue such notice, to all persons who are presently, or have up through

the extent allowable under the statute of limitations and including the date of issuance of court-supervised notice, been employed by Defendants as non-exempt employees. Such notice shall inform them that the civil notice has been filed, of the nature of the action, of his right to join this lawsuit if they believe they were denied premium overtime wages;

b) Certification of this case as a collective action pursuant to FLSA;

c) Issuance of notice pursuant to 29 U.S.C. § 216(b) to all similarly situated members of the FLSA opt-in class, apprising them of the pendency of this action, and permitting them to assert timely FLSA claims and state claims in this action by filing individual Consent to Sue forms pursuant to 29 U.S.C. § 216(b), and appointing Plaintiff and their counsel to represent the Collective Action Members;

d) A declaratory judgment that the practices complained of herein are unlawful under FLSA and New York Labor Law;

e) An injunction against Corporate Defendants, its officers, agents, successors, employees, representatives and any and all persons acting in concert with them as provided by law, from engaging in each of unlawful practices and policies set forth herein;

f) An award of unpaid minimum wage and overtime wages due under FLSA and New York Labor Law due Plaintiff and the Collective Action members plus compensatory and liquidated damages in the amount of twenty five percent (25%) prior to April 9, 2011 and one hundred percent (100%) thereafter under NY Wage Theft Prevention Act;

g) An award of liquidated and/or punitive damages as a result of Defendants' knowing and willful failure to pay wages at least the hourly minimum wage, overtime compensation pursuant to 29 U.S.C. §216;

h) Up to five thousand dollars ($5,000) per Plaintiff for Defendants' failure to provide a Time of Hire Notice detailing rates of pay and payday;

i) Up to five thousand dollars ($5,000) per Plaintiff for Defendants' failure to provide a paystub that lists employee's name, employer's name, employer's address and telephone number, employee's rate or rates of pay, any deductions made from employee's wages, any allowances claimed as part of the minimum wage, and the employee's gross and net wages for each pay day;

j) An award of liquidated and/or punitive damages as a result of Defendants' willful failure to overtime compensation, and "spread of hours" premium pursuant to New York Labor Law;

j)k) An award of liquidated damages in the amount of $20,000 pursuant to New York Labor Law Section 215(2)(a), together with compensatory and punitive damages;

k)l) An award of costs and expenses of this action together with reasonable attorneys' and expert fees pursuant to 29 U.S.C. §216(b) and NYLL §§198 and 663;

l)m) The cost and disbursements of this action;

m)n) An award of prejudgment and post-judgment fees;

n)o) Providing that if any amounts remain unpaid upon the expiration of ninety days following the issuance of judgment, or ninety days after expiration of the time to appeal and no appeal is then pending, whichever is later, the total amount of judgment shall automatically increase by fifteen percent, as required by NYLL §198(4); and

o)p) Such other and further legal and equitable relief as this Court deems necessary, just, and proper.

Formatted: Indent: Left: 0", First line: 0.5", Right: 0"

Dated: Flushing, New York
December 9, 2020 September 18, 2020

August 17, 2019

TROY LAW TROY LAW, PLLC

*Attorneys for the Plaintiff, proposed FLSA*
*Collective and potential Rule 23 Class*

*/s/ John Troy* _____

John Troy (JT0481)