**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
-------------------------------------------------------------------x
MICHELLE CAICEDO SOTO,
*on behalf of herself and others similarly situated,*

                                     Plaintiff,      Case No. 19-cv-04745
                                                               (MKB) (CLP)
                     v.

MISS LASER INC.
     d/b/a Miss Laser,
FRIDA KOYUNOV,
EMANUEL ARABOV, and
JOSEPH YUNAEV,

                                    Defendants.
-------------------------------------------------------------------x

**REPLY MEMORANDUM OF LAW IN SUPPORT OF MOTION FOR LEAVE TO FILE SUPPLEMENTAL COMPLAINT**

                                                                 TROY LAW, PLLC
                                                                  John Troy
                                                                  41-25 Kissena Boulevard
                                                                  Suite 103
                                                                  Flushing, NY 11355
                                                                 718-762-1324
                                                                troylaw@troypllc.com
                                                                *Attorneys for Plaintiff*

## TABLE OF CONTENTS

**TABLE OF AUTHORITIES** ..................................................................................................ii

**STANDARD** ................................................................................................................................ 1

**ARGUMENT** .............................................................................................................................. 2

   **I.**   **AMENDMENT OF THE COMPLAINT WILL NOT BE FUTILE**............................ 2

      **A.**   FILING A RETALIATORY LAWSUIT IS A RETALIATORY ACTION .................................. 2

      **B.**   FAITHLESS SERVANT DEFENSE HAS NOT YET BEEN ESTABLISHED, AND EVEN IF IT WAS, PLAINTIFF WOULD BE ENTITLED TO NON-WAGE DAMAGES ...................................... 5

   **II.**   **PLAINTIFF HAS SHOWN GOOD CAUSE TO AMEND** ........................................ 5

**CONCLUSION** ........................................................................................................................... 6

# **TABLE OF AUTHORITIES**

**Cases**

*Aetna Cas. & Sur. Co. v. Aniero Concrete Co.*, 404 F.3d 566 (2d Cir. 2005) ................................ 2

*Ashcroft v. Iqbal*, 556 U.S. 662 (2009) ........................................................................................... 2

*Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007) ........................................................................... 2

*Blaskiewicz v. Cnty. of Suffolk*, 29 F. Supp. 2d 134 (E.D.N.Y. 1998) ............................................ 1

*Burlington Northern & Santa Fe Ry. v. White*, 548 U.S. 53 (2006) ............................................... 3

*Calderon v. Mullarkey Realty, LLC*, 14-cv-02616 (PKC) (RLM), 2018 U.S. Dist. LEXIS 97224 (E.D.N.Y. June 10, 2018) ............................................................................................. 5

*Consolidated Edison Co. v. Zebler*, 40 Misc. 3d 1230(A) (N.Y. County 2013) ............................ 5

*Foman v. Davis*, 371 U.S. 178 (1962) ............................................................................................ 1

*Grochowski v. Phoenix Constr.*, 318 F.3d 80 (2d Cir. 2003) .......................................................... 6

*Kassner v. 2nd Ave. Delicatessen, Inc.*, 496 F.3d 229 (2d Cir. 2007) ............................................ 6

*Lucente v. Int'l Bus. Machs., Corp.*, 310 F.3d 243 (2d Cir. 2002) .................................................. 2

*McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973) ............................................................ 2

*Mendez v. U.S. Nonwovens Corp.*, 2 F. Supp. 3d 442 (E.D.N.Y. 2014) ......................................... 1

*Mullins v. City of New York*, 626 F.3d 47 (2d Cir. 2010) ............................................................... 3

*Pawlowski v. Kitchen Expressions, Inc.*, No. 17-cv-02943 (ARR) (VMS), 2017 U.S. Dist. LEXIS 222839 (E.D.N.Y. Dec. 15, 2017) ........................................................................... 4

*Porter v. MooreGroup Corp.*, No. 17-cv-07405 (KAM) (VMS), 2020 U.S. Dist. LEXIS 398 (E.D.N.Y. Jan. 2, 2020) ................................................................................................. 6

*Rodriguez v. Nat'l Golf Links of Am.*, No. 19-cv-07052 (PKC) (RML), 2020 U.S. Dist. LEXIS 100138 (E.D.N.Y. June 8, 2020) ................................................................................. 3, 4

*Romero v. Bestcare, Inc.*, No.15-cv-07397 (JS) (GRB), 2018 U.S. Dist. LEXIS 33901 (Feb. 28, 2018) ................................................................................................................................. 4

*Santi v. Hot in Here, Inc.*, No. 18-cv-03028 (ER), 2019 U.S. Dist. LEXIS 10296 (S.D.N.Y. Jan. 22, 2019) ............................................................................................................................. 3

*Shpak v. Curtis*, No. 10-cv-01818 (WFK) (JO), 2012 U.S. Dist. LEXIS 19199 (E.D.N.Y. Feb. 14, 2012) .................................................................................................................................. 1

*Torres v. Gristede's Operating Corp.*, 628 F. Supp. 2d 447 (S.D.N.Y. 2008) ............................... 5

*Zucker v. Porteck Global Servs.*, No.13-cv-02674 (JS) (AKT), 2015 U.S. Dist. LEXIS 144132 (E.D.N.Y. Oct. 23, 2015) ........................................................................................................ 1, 2

**Statutes**

29 U.S.C. § 215(a)(3) ..................................................................................................................... 2

N.Y. Lab. L. § 215.1(a)(iii) ............................................................................................................ 2

**Rules**

Fed. R. Civ. P. 15 ........................................................................................................................... 1

Fed. R. Civ. P. 15(a)(2) .................................................................................................................. 1

Fed. R. Civ. P. 16(b) ...................................................................................................................... 6

Plaintiff Michelle Caicedo Soto, by and through counsel, hereby submits the following reply memorandum of law in support of his motion to supplement her complaint with claims of retaliation. The motion should be granted because Defendants have failed to meet their burden to show that amendment would be futile, and have failed to articulate any other reason why the motion should be denied.

## STANDARD

Rule 15 of the Federal Rules of Civil Procedure governs the amendment of pleadings prior to trial. *See* Fed. R. Civ. P. 15. Where, as here, leave of court is required to amend, the court should grant such leave "freely," "when justice so requires." Fed. R. Civ. P. 15(a)(2). "Amendments are generally favored as they tend to facilitate a determination on the merits." *Zucker v. Porteck Global Servs.*, No.13-cv-02674 (JS) (AKT), 2015 U.S. Dist. LEXIS 144132, at *10 (E.D.N.Y. Oct. 23, 2015); *see also Foman v. Davis*, 371 U.S. 178, 182 (1962) ("If the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief, he ought to be afforded an opportunity to test his claim on the merits."). Thus, Rule 15 is construed liberally and courts have broad discretion to allow parties to add additional parties and causes of action. *See Shpak v. Curtis*, No. 10-cv-01818 (WFK) (JO), 2012 U.S. Dist. LEXIS 19199 (E.D.N.Y. Feb. 14, 2012).

Motions to amend are properly denied only where they are founded in "undue delay, bad faith, futility, or prejudice to the non-moving party." *Mendez v. U.S. Nonwovens Corp.*, 2 F. Supp. 3d 442, 451 (E.D.N.Y. 2014). The non-movant bears the burden of demonstrating that the proposed amendment is improper. *See Blaskiewicz v. Cnty. of Suffolk*, 29 F. Supp. 2d 134, 137 (E.D.N.Y. 1998). Here, Defendants ground their objection solely in futility, and do not purport to show undue delay, bad faith, or prejudice. *See* Opp. Memo of L., at *2–12. Accordingly, Defendants cannot meet their burden of showing delay, bad faith, or prejudice, but could only potentially meet their burden on futility.

1

An amendment is properly denied as futile if the proposed new claim "has no merit or fails to demonstrate a cognizable or sufficient claim." *Zucker*, 2015 U.S. Dist. LEXIS 144132, at *11. When determining futility, the court reviews the viability of the proposed claim under the same standard applied to a motion to dismiss under Rule 12 of the Federal Rules of Civil Procedure. *See Lucente v. Int'l Bus. Machs., Corp.*, 310 F.3d 243, 258 (2d Cir. 2002). Under this standard, the claim sought to be asserted must plead facts sufficient to support a plausible claim to relief. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). As in the Rule 12 context, the Court considering futility construes the facts alleged by the movant as true, and views such facts in a light "most favorable" to the movant. *Aetna Cas. & Sur. Co. v. Aniero Concrete Co.*, 404 F.3d 566, 604 (2d Cir. 2005).

## ARGUMENT

### I.  AMENDMENT OF THE COMPLAINT WILL NOT BE FUTILE

#### a.  FILING A RETALIATORY LAWSUIT IS A RETALIATORY ACTION

The FLSA and NYLL do not limit their coverage to current or prospective employers, or even to employers generally, but apply to any person, including former employers. *See* 29 U.S.C. § 215(a)(3) ("[I]t shall be unlawful for *any person*—to discharge or in any other manner discriminate against any employee because such employee has filed any complaint or instituted or caused to be instituted any proceeding under or related to this chapter.") (emphasis added); N.Y. Lab. L. § 215.1(a)(iii) ("No employer or his or her agent, or the officer or agent of the corporation, partnership, or limited liability company, *or any other person*, shall discharge, threaten, penalize, or in any other manner discriminate or retaliate against any employee because such employee has caused to be instituted or is about to institute a proceeding under or related to this chapter.") (emphasis added). "FLSA retaliation claims are subject to the three-step burden-shifting framework established by *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973)." *Mullins v.*

2

*City of New York*, 626 F.3d 47, 53 (2d Cir. 2010). To make out a prima facie case of retaliation under the FLSA, a plaintiff must show: "(1) participation in protected activity known to the defendant, like the filing of a[n] FLSA lawsuit; (2) an employment action disadvantaging the plaintiff; and (3) a causal connection between the protected activity and the adverse employment action." *Id.* NYLL retaliation claims proceed under the same framework, and are governed by the same standard. *See also Santi v. Hot in Here, Inc.*, No. 18-cv-03028 (ER), 2019 U.S. Dist. LEXIS 10296, at *9 (S.D.N.Y. Jan. 22, 2019).

Plaintiff filed this lawsuit in August 2019, and in doing so participated in protected activity. *See Rodriguez v. Natl'l Golf Links of Am.*, No. 19-cv-07052 (PKC) (RML), 2020 U.S. Dist. LEXIS 100138, at *5–6 (E.D.N.Y. June 8, 2020) ("As an initial matter, the Court notes that Plaintiff has successfully alleged… the first… element[] of a[n] FLSA retaliation claim" by "fil[ing] the instant FLSA lawsuit against Defendants."). In *Rodriguez*, allegations that Defendants filed a state-court action against Plaintiff within three months of the commencement of his FLSA action, only after Plaintiff refused demands to settle, was sufficient to allege the third, causation, prong. *See id.* at *6. Here, as in *Rodriguez*, the issue before the Court is "whether Plaintiff has sufficiently alleged the second element of his FLSA and NYLL retaliation claims, *i.e.*, that [Defendant's] state court action qualifies as an adverse employment action." *Id.* at *7.

An employment action disadvantages an employee for the purposes of FLSA retaliation if "'it might well have dissuaded a reasonable worker from making or supporting [similar] charge[s].'" *Mullins*, 626 F.3d at 53 (alterations in original) (quoting *Burlington Northern & Santa Fe Ry. v. White*, 548 U.S. 53, 68 (2006)). "Based upon this standard, courts in this Circuit are clear that 'instituting bad faith litigation against [an] employee constitutes actionable retaliation.' District courts in this Circuit are also clear that 'the filing of a baseless lawsuit can be an adverse

3

action' within the meaning of the meaning of FLSA retaliation." *Rodriguez*, 2020 U.S. Dist. LEXIS 100138, at *7–8 (collecting cases, internal citations omitted). "However, the question of whether an employee can claim retaliation because he or she has been sued in a well-founded lawsuit is an open one in this Circuit." *Id.* at *8 (collecting cases, internal quotation marks omitted) (*contra Pawlowski v. Kitchen Expressions, Inc.*, No. 17-cv-02943 (ARR) (VMS), 2017 U.S. Dist. LEXIS 222839, at *14 (E.D.N.Y. Dec. 15, 2017) ("[P]laintiff's retaliation claims can survive only if defendants' counterclaim is baseless.")).

In *Rodriguez*, the Court declined "to bar Plaintiff from adding retaliation claims under the FLSA and NYLL" solely because Defendants' state-court complaint had not been dismissed as baseless. *Id.* at *12. Rather than adopt *Pawlowski*'s bright-line rule where an action is retaliatory if dismissed as baseless and not retaliatory if not, the Court in *Rodriguez* focused on whether the employer's retaliatory animus was a but-for cause of its commencing the action. *See id.*, at *13 (citing *Romero v. Bestcare, Inc.*, No.15-cv-07397 (JS) (GRB), 2018 U.S. Dist. LEXIS 33901, at *11–12 (Feb. 28, 2018)) ("Here, the Proposed Amended Complaint states that 'Defendants' sole purpose for filing [the] Counterclaim was to retaliate against Plaintiff Romero for filing this instant action.' Read liberally, this allegation can be reasonably interpreted as a complaint that the Counterclaim is baseless *or* would not have been pursued absent a retaliatory motive.") (internal citation omitted) (emphasis added)). Here, Plaintiff alleges both that Defendants' state-court claims are "frivolous, baseless, and meritless," and, as in *Romero*, that they were "instituted for no purpose other than to harass Plaintiff… and by so doing to punish her for daring to seek redress for non-payment of wages." *See* Prop. Supp. Cplt. ¶ 55. The timing of Defendants' complaint against Plaintiff is also instructive. While Defendants' complaint against Plaintiff followed her complaint against them by about one year as against the three months in *Rodriguez*, it followed

4

her motion for conditional collective certification in this matter by a mere three days! It was precisely calculated to generate an *in terrorem* effect against potential opt-ins. *See Torres v. Gristede's Operating Corp.*, 628 F. Supp. 2d 447, 473 (S.D.N.Y. 2008).

Even according to Defendants, they would not have brought their action against Plaintiff but for her instituting this action and refusing settlement offers, necessitating discovery. *See* Opp. Memo, at *2.

This Court should be persuaded by the Court's reasoning in *Rodriguez*, and permit Plaintiff to supplement her complaint.

### b. FAITHLESS SERVANT DEFENSE HAS NOT YET BEEN ESTABLISHED, AND EVEN IF IT WAS, PLAINTIFF WOULD BE ENTITLED TO NON-WAGE DAMAGES

The merits of Defendants' faithless servant and tortious interference claims have not been decided by any court—though needless to say, Plaintiff contends they are baseless. Even if they were meritorious, however, they would not bar Plaintiff from all recovery in this matter and thus render a supplemented complaint futile. Defendants cite, therefore must be aware of, the seminal decision *Calderon v. Mullarkey Realty, LLC*. But they miss its central lesson, which is that while compensatory damages for unpaid wages are foreclosed by a faithless servant claim, but liquidated damages and prejudgment interest are not, because they are not claims for wages and are instead "devices to deter and punish the employer, rather than compensate the employee." *Calderon v. Mullarkey Realty, LLC*, 14-cv-02616 (PKC) (RLM), 2018 U.S. Dist. LEXIS 97224, at *26 (E.D.N.Y. June 10, 2018); *see also Consolidated Edison Co. v. Zebler*, 40 Misc. 3d 1230(A) (N.Y. County 2013) (faithless servant must disgorge wages only during period of disloyalty).

Even if Defendants' claims were meritorious, they would not render Plaintiff unable to collect damages and a supplemented complaint thus futile.

### II. PLAINTIFF HAS SHOWN GOOD CAUSE TO AMEND

Where a court has set a scheduling order with a deadline for amended pleadings, "the lenient standard under Rule 15(a)… must be balanced against the requirement under Rule 16(b) that the Court's scheduling order 'shall not be modified except upon a showing of good cause.'" *See Grochowski v. Phoenix Constr.*, 318 F.3d 80, 86 (2d Cir. 2003) (quoting Fed. R. Civ. P. 16(b)). In order to demonstrate good cause under Rule 16(b), the movant generally must establish diligence. *See Kassner v. 2nd Ave. Delicatessen, Inc.*, 496 F.3d 229, 244 (2d Cir. 2007). "Courts have declined to find good cause where the movant was aware of facts giving rise to the claim, or where such information was available to the movant, at the time the movant commenced the action." *Porter v. MooreGroup Corp.*, No. 17-cv-07405 (KAM) (VMS), 2020 U.S. Dist. LEXIS 398, at *13 (E.D.N.Y. Jan. 2, 2020) (collecting cases). However, "[c]ourts in the Second Circuit have sometimes excused a movant's lack of diligence where the information was available to the movant but could cause potential confusion or where a movant filed an amended pleading two months after learning new facts during discovery." *Id.* at *13–14 (citation and internal quotation marks omitted). Further, "the Second Circuit has left open the possibility that amendments could be permitted even where a plaintiff has not been diligent in seeking an amendment, absent a showing of undue prejudice to the non-moving party." *Id.* at *14 (citations and internal quotation marks omitted).

Here, to reiterate, Defendants have not attempted to make a showing of prejudice. Plaintiff, on the other hand, diligently sought leave to amend her complaint about one week after the complaint against her was filed, and has complied with all subsequent scheduling orders. *See* Dkt. Nos. 30, 31; Elec. Order Dec. 3, 2020.

## **CONCLUSION**

For all the reasons stated above, Plaintiff should be given leave to amend his Complaint.

6

Dated: Flushing, New York
December 30, 2020

>Respectfully submitted,
>T<small>ROY</small> L<small>AW</small>, PLLC
>
>  */s/ John Troy*
>John Troy
>41-25 Kissena Boulevard
>Suite 103
>Flushing, NY 11355
>718-762-1324
>troylaw@troypllc.com
>*Attorneys for Plaintiff*

7