# MILMAN LABUDA LAW GROUP PLLC

**3000 MARCUS AVENUE**
**SUITE 3W8**
**LAKE SUCCESS, NY 11042**

————

**TELEPHONE (516) 328-8899**
**FACSIMILE (516) 328-0082**

June 1, 2021

**VIA ECF**
Hon. Margo K. Brodie, U.S.D.J.
United States District Court
Eastern District of New York
225 Cadman Plaza East
Courtroom 6F North
Brooklyn, NY 11201-1804

> *Re:*    **Soto v. Miss Laser Inc.,** *et al.*
> **Case No.: 1:19-cv-4745 (MKB) (CLP)**
> **MLLG File No.: 159-2019_____**

Dear Judge Brodie:

This office represents Defendants in the above-referenced case.  Defendants write to respectfully submit a proposed briefing schedule for Defendants' anticipated motion to dismiss the complaint for failure to state a claim upon which relief can be granted pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure (hereinafter referred to as "Rule" or "Rules").  This letter shall also serve as a joint status report[1] pursuant to the Hon. Cheryl M. Pollak, U.S.M.J.'s Order dated April 29, 2021 directing the parties to provide same.

## Relevant Procedural History & Facts

On August 17, 2019, Plaintiff Michelle Caicedo Soto (hereinafter "Plaintiff" or "Soto") filed her complaint alleging causes of action under the Fair Labor Standards Act ("FLSA") and New York Labor Law ("NYLL") for alleged unpaid wages, overtime, spread of hours compensation, failure to provide meal periods, and various recordkeeping violations.  See Docket Entry 1.  The only causes of action giving rise to this Court's subject matter jurisdiction under 28 U.S.C. § 1331 are Plaintiff's first and third causes of action for alleged minimum wage and overtime violations.

Defendants accepted service on August 21, 2019 and filed an answer on October 21, 2019. See Docket Entries 7-8, 11 (amended answer).  The parties dealt with discovery and settlement issues from that point forward before the Honorable Cheryl L. Pollak, U.S.M.J. (hereinafter "Judge Pollak") until in or about July 2020.  See, generally, Docket Entries 10-24.

---

[1] Plaintiff consents to the briefing schedule proposed herein, but not to any of the characterizations of events or legal arguments made in this letter by Defendants.

Plaintiff then unilaterally filed a motion to conditionally certify a collective action in this case despite the fact that Defendants previously filed a letter motion for a pre-motion conference in anticipation of their motion for judgment on the pleadings prior, which letter motion Defendants renewed in response to Plaintiff's motion.  See Docket Entries 19, 26-29.

On August 31, 2020, Plaintiff opposed Defendants' renewed motion and sought leave to file an amended complaint.  See Docket Entry 30.  On October 9, 2020, this Court entered two (2) Orders as follows: (i) directing the parties to confer and propose a briefing schedule for Defendants' motion for judgment on the pleadings and adjourning, *sine die*, Defendants' deadline to oppose Plaintiff's motion for conditional certification of a collective action; and (ii) directing Defendants to respond to Plaintiff's application to amend the complaint on or before October 16, 2020.  On the same date, Plaintiff requested Defendants' consent to not move forward with their motion for judgment on the pleadings until after Plaintiff's motion to amend the complaint is decided.  Defendants have agreed to do so because, were this Court to grant Plaintiff's motion to amend the complaint, it may affect Defendants' decision to move forward with a motion for judgment on the pleadings.

As such, on December 2, 2020, the parties submitted a joint letter entering into a briefing schedule for Plaintiff's Rule 15 motion.  See Docket Entry 31.  This Court entered an Order adopting the briefing schedule the following day.

On March 16, 2021, following the parties full briefing of Plaintiff's Rule 15 motion, this Court entered a Memorandum & Order granting Plaintiff's motion.  See Docket Entry 40.  On March 19, 2021, Plaintiff filed her supplemental complaint.  See Docket Entry 41.

**Th Court Should Waive the Pre-Motion Conference Requirement & So Order a Briefing Schedule**

While Defendants previously sought to move for judgment on the pleadings pursuant to Rule 12(c),[2] since no answer has been filed to the supplemental complaint dated March 19, 2021, Defendants respectfully submit that they seek to dismiss the complaint for failure to state a claim upon which relief can be granted pursuant to Rule 12(b)(6).

i.     The Complaint Fails to Properly Plead Enterprise or Individual Coverage

Here, Plaintiff fails to state a claim for relief under federal law because she has not and cannot establish neither enterprise nor individual coverage under the FLSA. The Defendants operate three (3) locally owned laser hair removal studios which cater solely to local residents of Queens, New York. Plaintiff does not allege that she engaged in any interstate commerce.

---

[2] It should be noted that Defendants specifically reserved the right to move for judgment on the pleadings once Plaintiff's motion to amend the complaint was decided.  See Docket Entry 31 at 2.

Courts routinely dismiss causes of action under the FLSA for failure to properly plead either enterprise coverage or individual coverage. See, e.g., Jones v. E. Brooklyn Servs. Corp., No. 11-CIV.-1021 (JG), 2012 WL 909830 (E.D.N.Y. Feb.28, 2012) (recommending the denial of a default judgment motion where the complaint contained "only conclusory statements about interstate commerce"), adopted, 2012 WL 909825 (E.D.N.Y. Mar.16, 2012); Day An Zhang v. L.G. Apparel, Inc., No. 09-CIV.-3240 (KAM), 2011 WL 900183 (E.D.N.Y. Feb.18, 2011) (recommending denial of default judgment motion where the complaint "allege[d] only in conclusory terms and without any factual support whatsoever that defendants [we]re enterprises subject to the requirements of the FLSA or that [the plaintiff was] individually covered under the FLSA."), adopted, 2011 WL 900950 (E.D.N.Y. Mar.15, 2011).

Accordingly, Plaintiff's first and third causes of action under the FLSA must be dismissed for failure to state a claim on this ground.

ii.    The Complaint Fails to Plead Any Minimum Wage Violation

During the relevant time period, the minimum wage under the FLSA has been $7.25 per hour. See 29 U.S.C. § 206(1)(C). The relevant minimum wage rates under the NYLL from 2016 through 2019 are set forth in the table below next to the amount Plaintiff alleges she earned.

| Year | Max[3] Minimum Wage | Plaintiff's Alleged Rate in Complaint |
| --- | --- | --- |
| 2016 | $9.00 | $10.00 |
| 2017 | $11.00 | $12.00 to $15.00 |
| 2018 | $13.00 | $15.00 |
| 2019 | $15.00 | $15.00 to $17.00 |

Though Plaintiff complains that she worked hours for which she was not paid (See Docket Entry 41 at ¶ 34), at her rate of pay, she was always paid at least the minimum wage even including any such hours, both under the federal law and as a miscellaneous industry employee under state law. See 29 CFR § 778.109 ("The regular hourly rate of pay of an employee is determined by dividing his total remuneration for employment in any workweek by the total number of hours actually worked by him in that workweek for which such compensation was paid"); see also 12 NYCRR § 142-2.16 ("the term regular rate shall mean the amount that the employee is regularly paid for each hour of work, and it provides further that when an employee is paid on a salary basis or any basis other than an hourly rate, the regular hourly wage rate shall be determined by dividing the total hours worked during the week into the employee's total earnings").

Here, there can be no dispute that Plaintiff was always paid at least the minimum wage for all hours worked.

---

[3] Beginning in 2017, the Minimum Wage Order for Miscellaneous Industries and Occupations distinguishes between "large" employers of eleven or more employees and "small" employers of ten or fewer employees. See https://www.labor.ny.gov/formsdocs/wp/CR142.pdf.

       iii.      <u>The Complaint Fails to Plead A Retaliation Claim</u>

Plaintiff's supplemental claim for retaliation fails for the same reason the underlying wage-and-hour claims fail; she has failed to allege facts sufficient to support enterprise or individual coverage under the FLSA. <u>See</u> <u>Jones v. SCO Family of Services</u>, 15-CIV.-8733 (GBD), 2016 WL 7188152, at *4 (S.D.N.Y. Dec. 2, 2016) ("Because Plaintiff has failed to allege facts sufficient to support enterprise or individual coverage under the FLSA, her FLSA retaliation claim fails" (<u>citing</u> <u>Lamont v. Frank Soup Bowl, Inc.</u>, No. 99-CIV.-12382 (JSM), 2001 WL 521815, at *4 (S.D.N.Y. May 16, 2001) (finding that Congress did not intend to extend the FLSA's anti-retaliation provision to employers not subject to the FLSA's wage and hour provisions)).

Accordingly, Defendants respectfully submit they have sufficient basis for their anticipated motion and request the following briefing schedule.

- Defendant's moving papers to be served by June 15, 2021;
- Plaintiff's opposition papers to be served by July 15, 2021; and
- Defendants' reply papers in further support to be served by July 28, 2021.

The parties thank this honorable Court for its time and attention to this case.

Dated: Lake Success, New York
       June 1, 2021

                     Respectfully submitted,

                     **MILMAN LABUDA LAW GROUP PLLC**

                     _____/s_____
                     Emanuel Kataev, Esq.
                     3000 Marcus Avenue, Suite 3W8
                     Lake Success, NY 11042-1073
                     (516) 328-8899 (office)
                     (516) 303-1395 (direct dial)
                     (516) 328-0082 (facsimile)
                     emanuel@mllaborlaw.com

                     *Attorneys for Defendants*

**<u>VIA ECF</u>**
Troy Law, PLLC
<u>Attn</u>: John Troy, Esq.
4125 Kissena Boulevard, Suite 103
Flushing, NY 11355-3101
johntroy@troypllc.com

*Attorneys for Defendant*

4

**<u>VIA ECF</u>**
United States District Court
Eastern District of New York
<u>Attn</u>: Hon. Cheryl L. Pollak, U.S.M.J.
225 Cadman Plaza East, Room 1230
Brooklyn, NY 11201-1804