UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------------ x
MICHELLE CAICEDO SOTO,  :
*on behalf of herself and others similarly situated*,  :
 :
                              Plaintiff,  :        **ORDER**
 :
     -against-  :        19-CV-4745 (HG) (MMH)
 :
MISS LASER INC. d/b/a Miss Laser, FRIDA  :
KOYUNOV, EMANUEL ARABOV, and  :
JOSEF YUNAEV,  :
 :
                            Defendants.  :
------------------------------------------------------------------------ x
**MARCIA M. HENRY**, United States Magistrate Judge:

### ORDER IN FAIR LABOR STANDARDS ACT CASE REQUIRING DISCOVERY AND SETTING INITIAL PRETRIAL DISCOVERY AND MEDIATION SCHEDULE

  The Federal Rules of Civil Procedure ("Rule") require a pretrial schedule tailored to the circumstances of each case. Fed. R. Civ. P. 1, 16. As stated on the record at the January 12, 2023 status conference, this Order implements that requirement for this case, which was filed pursuant to the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq*. ("FLSA").

  The parties must utilize the following discovery protocol and comply with the deadlines and requirements set forth in this Order.

1.  **Initial Disclosures.** By **01/26/2023**, the parties must serve on each other (but not file) the documents set forth in Paragraphs 2 and 3. If the parties have already served such documents, they need not re-serve them, but shall refer the recipient to the date(s) of prior service and shall include identifiers such as Bates numbers or ECF entries.

2.  **Plaintiff's Disclosures.** Plaintiff shall disclose:

  a. The documents in Plaintiff's possession, custody, or control that pertain to the unpaid wages claimed in the Complaint.

  b. A written submission that includes:

  (1) A description of the period of time Plaintiff worked for Defendants;

  (2) Plaintiff's job title, description of job duties, and name of immediate supervisor;

  (3) An accounting of Plaintiff's claim, including dates, regular hours worked, over-time hours worked, pay received versus pay claimed, and tips or other compensation;

  (4) Whether Plaintiff is entitled to a prevailing wage, and if so, the rate; and

  (5) The nature of the claim (*e.g.*, failed to pay any wages, failed to pay minimum wage, failed to pay overtime, required off-the-clock work, failed to pay tips, misclassified as exempt employee, failed to provide proper paystubs, failed to provide proper notices, failed to pay spread of hours).

 c. If not included elsewhere, a written description of the class of employees that Plaintiff seeks to include in this action, and a brief description of the commonalities between Plaintiff and the proposed opt-ins.[1]  Plaintiff must also indicate whether an opt-in notice has been filed for every potential opt-in plaintiff who has identified himself or herself as a person who wishes to join this action.

 d. A written description of all attorney's fees and costs incurred to date.  With respect to attorney's fees, Plaintiff must provide the hourly rate(s) sought and the number of hours expended by each person who has billed time to this case.

3. **Defendants' Disclosures.**  Defendants shall disclose:

 a. The time sheets or other time records and payroll records in Defendants' possession, custody, or control that pertain to work Plaintiff performed during the period for which Plaintiff claims unpaid wages.

 b. Any written statement of policy, workplace rules, or handbook setting out the policies and practices on compensating workers performing the relevant type of work.

 c. If the personal liability of any individual Defendant is disputed (*e.g.*, an individual Defendant was not an owner or manager), documentary evidence to support this position.

 d. If Defendants contend that their finances should be considered in evaluating its settlement position, financial documentation to Plaintiff's counsel, and that documentation must be treated as confidential.

---

[1] As stated at the status conference, this information is included in Plaintiff's motion for conditional certification of a collective action. (*See* ECF Nos. 27–28.)

4. **Mediation Referral.** The parties will participate in a formal mediation conference, in accordance with Local Civil Rule 83.8, before an EDNY mediator or a private mediator of their choosing. The parties shall advise the Court regarding the selected mediator and the date of mediation in a joint letter submitted by **02/13/2023**. The parties must complete mediation by **03/15/2023**.

5. **Status Report Regarding Mediation.** By **03/22/2023**, counsel shall file a Joint Status Report Regarding Mediation and indicate:

    a. Whether the parties have reached an agreement in principle to settle the case and will be submitting that agreement to the Court for review and approval; or

    b. Whether the parties request a settlement conference before Judge Henry (who, on the parties' consent, will have the authority to approve the settlement as a "fair and reasonable resolution of a bona fide dispute" over FLSA issues, upon the joint submission of a motion for judicial approval that attaches a copy of the final settlement agreement, plaintiff's counsel's time and expense records, and any applicable retainer agreement); or

    c. Whether the parties agree that they are filing an amended Proposed Discovery Plan. A form proposed discovery plan can be found on the Court's website: https://img.nyed.uscourts.gov/files/local_rules/ProposedDiscoveryPlanMMH.pdf.

6. **Stay of Discovery.** Until the parties file an amended Proposed Discovery Plan, all discovery is STAYED, except as provided in this Order.

7. **Ongoing Duty to Report Settlement.** If the parties settle at any time, they must immediately advise the Court and promptly submit a joint motion to approve the settlement.

8. **Mandatory Compliance.** The Court expects strict adherence to these deadlines and requirements. *Failure to comply is a violation of a court order and sanctionable on that basis.*

**SO ORDERED.**

Dated: Brooklyn, NY /s/ Marcia M. Henry
January 12, 2023    MARCIA M. HENRY
    United States Magistrate Judge