UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

MICHELLE CAICEDO SOTO, *on her own behalf and on behalf of others similarly situated*,

Plaintiff,

v.

MISS LASER INC. d/b/a Miss Laser, FRIDA KOYUNOV, EMANUEL ARABOV, and JOSEF YUNAEV,

Defendants.

**MEMORANDUM AND ORDER**
19-CV-04745 (HG) (CLP)

**HECTOR GONZALEZ**, United States District Judge:

This is an action brought by Plaintiff Michelle Caicedo Soto ("Plaintiff") against Defendants Miss Laser, Inc. d/b/a Miss Laser ("Miss Laser"), Frida Koyunov, Emanuel Arabov, and Josef Yunaev (collectively, "Defendants") alleging violations of the Fair Labor Standards Act, 29 U.S.C. §§ 201, 206, 207(a)(1), and 215(a) ("FLSA"), New York Labor Law §§ 162, 190 et seq., and 650 et seq. ("NYLL"), and New York Codes, Rules and Regulations § 146 ("NYCRR"). ECF No. 1; ECF No. 41 ("Supplemental Complaint," or the "Complaint"). Presently before the Court is Defendants' motion to dismiss the Complaint pursuant to Rule 12(b)(6) (the "Motion"). ECF No. 45. For the reasons set forth below, the Motion is denied.[1]

---

[1] Because the Court declines to dismiss Plaintiff's FLSA claim, it does not need to address Defendants' request that the Court decline to exercise supplemental jurisdiction over the state law claims raised in the Complaint.

## BACKGROUND

The Court assumes general familiarity with the substance and history of the case and includes only the background relevant to the Motion. Defendant Miss Laser is a laser hair removal salon with three locations in Queens and "gross sales in excess of five hundred thousand dollars . . . per year." ECF No. 41 ¶ 9. Plaintiff alleges that "Miss Laser purchased, and employees of . . . Miss Laser, including Plaintiff, handled goods moved in interstate commerce." *Id*. ¶ 10.

Plaintiff was an employee of Miss Laser between November 10, 2016, and June 12, 2019. *Id*. ¶¶ 7, 26. Plaintiff allegedly "performed facials—deep cleanses with soaps, microdermabrasions with soaps, chemical skin peels, and microneedlings with dermarollers." *Id*. ¶ 47. On August 17, 2019, Plaintiff filed FLSA and NYLL claims, individually and as a class representative on behalf of others similarly situated, against Miss Laser and the three individual Defendants, who Plaintiff alleges are the "officers, directors, managers and/or majority shareholders of" Miss Laser. *Id*. ¶ 11. Defendants filed their answer on October 21, 2019. ECF No. 11.

About a year later, on August 21, 2020, Plaintiff filed a motion for conditional certification of a collective action class under the FLSA. ECF No. 26. On August 22, 2020, Defendants moved for a pre-motion conference in anticipation of their motion for judgement on the pleadings, ECF No. 29. On August 23, 2020, Defendants filed a state court action against Plaintiff alleging claims for breach of contract under the faithless servant doctrine. ECF Nos. 36-1 at 5, 38 at 2. Plaintiff opposed Defendants' motion for judgement on the pleadings and sought leave to amend her complaint to add FLSA and NYLL retaliation claims, alleging that the

state court action against her was filed in retaliation of her bringing the instant suit.  ECF No. 30.  The parties agreed to delay briefing on Defendants' proposed motion for judgement on the pleadings while they briefed Plaintiff's motion to amend.  ECF No. 31; ECF Text Order dated February 19, 2021.  On March 16, 2021, the Court granted Plaintiff's motion to amend.  ECF No. 40.  Plaintiff subsequently filed her Supplemental Complaint on March 19, 2021.  ECF No. 41.

Defendants sought leave from the Court to file a motion to dismiss the Supplemental Complaint for failure to state a claim.  ECF No. 42.  Defendants moved to dismiss the Supplemental Complaint on June 24, 2022.  ECF Nos. 45, 46.  On July 13, 2022, Plaintiff filed her opposition.  ECF No. 48.  On July 22, 2022, Defendants filed their reply.  ECF No. 50.

## LEGAL STANDARD

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation and internal quotation marks omitted).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Id.*  "When determining the sufficiency of plaintiffs' claim for Rule 12(b)(6) purposes, consideration is limited to the factual allegations in plaintiffs' amended complaint, which are accepted as true, to documents attached to the Complaint as an exhibit or incorporated in it by reference, to matters of which judicial notice may be taken, or to documents either in plaintiffs' possession or of which plaintiffs had knowledge and relied on in bringing suit."  *Brass v. Am. Film Techs., Inc.*, 987 F.2d 142, 150 (2d

Cir. 1993); *see also Benny v. City of Long Beach*, No. 20-CV-1908, 2021 WL 4340789, at *7 (E.D.N.Y. Sept. 23, 2021).

## **DISCUSSION**

Defendants' sole argument for why the Complaint should be dismissed is that "the Supplemental Complaint fails to allege the existence of either enterprise or individual coverage" under the FLSA.  ECF No. 46 at 2; *see also* ECF No. 50 at 1.

"As a threshold matter, the minimum-wage and overtime provisions of FLSA apply only to employees (1) who are *personally* 'engaged in [interstate] commerce or in the production of goods for [interstate] commerce' (so-called 'individual coverage'), or (2) who are 'employed in an *enterprise* engaged in [interstate] commerce or in the production of goods for [interstate] commerce' (so-called 'enterprise coverage')."  *Shim v. Millennium Grp.*, No. 08-CV-4022, 2009 WL 211367, at *2 (E.D.N.Y. Jan. 28, 2009) (quoting 29 U.S.C. §§ 206(a), 207(a)) (alterations and emphasis in original).

While there is no heightened pleading standard in FLSA cases, "[p]laintiffs [nevertheless] bear the burden of alleging specific facts which would allow the Court to infer defendants' liability rather than mere 'labels and conclusions' or a 'formulaic recitation of the elements.'" *Cardoza v. Mango King Farmers Mkt. Corp.*, No. 14-CV-3314, 2015 WL 5561033, at *3 (E.D.N.Y. Sept. 1, 2015) (quoting *Iqbal*, 556 U.S. at 678), *report and recommendation adopted*, No. 14-CV-3314, 2015 WL 5561180 (E.D.N.Y. Sept. 21, 2015).

### A. Plaintiff Has Not Established Individual Coverage

"In cases brought under the FLSA alleging that an employee is individually covered, the employee bears the burden of establishing his individual coverage." *Owusu v. Corona Tire Shop, Inc.*, No. 09-CV-3744, 2013 WL 1680861, at *3 (E.D.N.Y. Apr. 17, 2013) (citing *Boekemeier v. Fourth Universalist Soc'y in the City of N.Y.*, 86 F. Supp. 2d 280, 285 (S.D.N.Y. 2000)). While Plaintiff "alleges that there is . . . individual coverage," ECF No.48 at 5, the Court finds that Plaintiff has not met her burden of establishing individual coverage under the act.

"To establish individual coverage, the employee must perform work involving or related to the movement of persons or things . . . among the several States or between any State and any place outside thereof." *Kantor v. Air Atl. Med., P.C.*, No. 19-CV-03597, 2021 WL 3888067, at *4 (E.D.N.Y. July 7, 2021) (citations and internal quotation marks omitted), *report and recommendation adopted*, No. 19-CV-3597, 2021 WL 3884193 (E.D.N.Y. Aug. 31, 2021). "[U]nlike enterprise coverage, the court 'must focus on the activities of the employees and not on the business of the employer' in determining whether the plaintiff qualifies for individual coverage." *Id.* (quoting *Xelo v. Mavros*, No. 03-CV-3665, 2005 WL 2385724, at *4 (E.D.N.Y. Sept. 28, 2005)). For a court to find that an employee is "engaged in commerce" under the FLSA, the employee must demonstrate that "their work is so directly and vitally related to the functioning of an instrumentality or facility of interstate commerce as to be, in practical effect, a part of it, rather than isolated local activity." *Kantor*, 2021 WL 3888067, at *4 (citations and internal quotation marks omitted).

The Complaint must do more than allege that Plaintiff engaged in interstate commerce or handled goods in interstate commerce—it must plead sufficient facts to "support an assertion that

5

a *substantial part* of Plaintiff's work closely relates to interstate commerce" to establish individual coverage under the FLSA.  *Jones v. SCO Family of Servs.*, 202 F. Supp. 3d 345, 351 (S.D.N.Y. 2016) (emphasis added); *see, also, Kantor*, 2021 WL 3888067, at *4; (finding allegations plaintiff "routinely engaged in activities which facilitate or relate to interstate or foreign commerce" such as mailing letters to individuals in other states "insufficient to demonstrate that plaintiffs were part of the channels of interstate commerce, for purposes of individual coverage"); *Owusu*, 2013 WL 1680861, at *4 ("Evidence that an employee sometimes engaged in an activity that can be considered interstate commerce, such as bank transactions or mail delivery, is not sufficient to show that the employee was in the channels of commerce rather than merely affecting commerce.") (internal quotation marks omitted); *Locke v. St. Augustine's Episcopal Church*, 690 F. Supp. 2d 77, 91 (E.D.N.Y. 2010) (finding routine deliveries of mail to the post office not sufficient to establish a plaintiff's individual coverage under the FLSA); *Walker v. The Interfaith Nutrition Network, Inc.*, No. 14-CV-5419, 2015 WL 4276174, at *5 (E.D.N.Y. July 14, 2015) (finding plaintiff's allegations that they made telephone calls to other states did not establish individual coverage where the Complaint "fail[ed] to indicate the regularity of their interstate telephone calls or the substance and purpose of these calls").

      Plaintiff alleges that she worked as a laser technician at different Miss Laser salons in Queens and "handled goods moved in interstate commerce." ECF No. 41 ¶¶ 10, 26. Establishing individual coverage, however, requires more than an allegation that the goods Plaintiff handled moved in interstate commerce—Plaintiff must allege that she was "*personally* performing work involving or related to the movement of persons or things . . . between states." *Shim*, 2009 WL 211367, at *2 (alternation and emphasis in original) (citation and quotation

6

marks omitted).  Additionally, Plaintiff's work itself does not appear "so directly and vitally related to the functioning of an instrumentality or facility of interstate commerce as to be, in practical effect, a part of it, rather than isolated local activity." *Kantor*, 2021 WL 3888067, at *4 (internal citations and quotation marks omitted).  Rather, Plaintiff performed specific "facial services" for Miss Laser customers.  ECF No. 41 ¶¶ 47, 52.  None of these services appear to "involve[] or relate[] to the movement of persons or things . . . among the several States or between any State and any place outside thereof."  *Kantor*, 2021 WL 3888067, at *4.  Therefore, Plaintiff has not met her burden of establishing her individual coverage under the FLSA.

### B. Plaintiff Has Established Enterprise Coverage

Plaintiff has, however, alleged sufficient facts at this pleading stage for the Court to infer the existence of enterprise coverage under the FLSA.[2]  In other words, the Complaint sufficiently alleges that "the enterprise [had] receipts greater than $500,000, and at least some employees . . . 'handle[d], s[old], or otherwise work[ed] on goods or materials that [had] been moved in or produced for interstate commerce.'"  *Kantor*, 2021 WL 3888067, at *4.

This is not a high hurdle for Plaintiff to clear.  "[C]ourts have 'noted that virtually every enterprise in the nation doing the requisite dollar volume of business is covered by the FLSA.'"[3] *Id*. (quoting *Shim*, 2009 WL 211367, at *3).  While it is true that Miss Laser's three locations are

---

[2] Courts have routinely found that enterprise coverage exists in situations where individual coverage does not.  *See, e.g., Kantor*, 2021 WL 3888067, at *4; *Shim*, 2009 WL 211367, at *2.

[3] In order to meet the pleading requirement that Defendants are doing the requisite dollar volume of business to establish enterprise coverage under the FLSA, all that is required is that a "somewhat conclusory" "allegation that Defendants have an annual gross revenue in excess of $500,000.00."  *Cardoza*, 2015 WL 5561033 at *4.  Plaintiff has met that burden here.  Compl. ¶ 9.

located entirely in Queens, "[e]ven local business activities fall within the reach of the FLSA when an enterprise employs workers who handle goods or materials that have moved or been produced in interstate commerce." *Cardoza*, 2015 WL 5561033, at *4 (citations and internal quotation marks omitted).

Here, Defendants' motion papers do not dispute that the laser removal salons made less than $500,000 in annual revenue. *See* ECF Nos. 46 (Defendants' Motion to Dismiss), 50 (Defendant's Reply). Rather, Defendants only contend that "with respect to enterprise coverage, the Defendants—a laser hair removal salon—in no way, shape, or form have employees engaged in interstate commerce or in the production of goods for interstate commerce." ECF No. 46 at 8. Defendants further contend that while "Plaintiff alleges that she 'handled goods' in interstate commerce, she does not specify what goods and where they come from." *Id*.

The Court finds this argument unpersuasive for two reasons. First, at the pleading stage, Plaintiff does not need to specify the exact origin of the goods that Defendants' employees handled—she simply needs to provide sufficiently specific facts to allow the Court to infer that those goods originated outside of New York. *Kantor*, 2021 WL 3888067, at *5; *Khan v. Nyrene, Inc.*, No. 18-CV-557, 2020 WL 1931282, at *5 (E.D.N.Y. Mar. 11, 2020) (finding it reasonable "to assume that a [business] with over $500,000 in annual sales . . . does not rely exclusively on

8

goods and equipment from New York State"), *report and recommendation adopted*, No. 18-CV-557, 2020 WL 1929066 (E.D.N.Y. Apr. 21, 2020).[4]  Plaintiff has met that burden here.

Second, Plaintiff does specify some of the goods she handled.[5]  Plaintiff claims she performed "deep cleanses *with soaps*, microdermabrasions *with soaps*, *chemical* skin peels, and microneedlings with *dermarollers*."  ECF No. 41 ¶ 47 (emphasis added).  Soaps, chemicals, and dermarollers are all types of goods.  Plaintiff also specifies that Miss Laser is a laser hair removal salon, where, as Defendants themselves note in their brief, "employees . . . remove hair using *a laser tool*."  ECF No. 46 at 8 (emphasis added), ECF No. 48 at 9 ("Plaintiff handled the laser").  A laser tool is also a type of good.  Even where a plaintiff does not specify what types of goods the employer of a defendant handled in interstate commerce, courts have found it reasonable to infer enterprise coverage from "the nature of an employer's business."  *Cardoza*, 2015 WL 5561033, at *4.  For example, in *Shim v. Millennium Group*, a case involving a medical facility, the court found that "it is simply inconceivable that none of the medical, custodial or office

---

[4]  The cases Defendants cite are inapposite for one reason or another:  *See, e.g.*, *Jones v. E. Brooklyn Sec. Servs. Corp.*, No. 11-CV-1021, 2012 WL 909830 (E.D.N.Y. Feb. 28, 2012) (finding that Complaint contained "no factual support for the[] assertion[]" defendant was engaged in commerce at all); *Day An Zhang v. L.G. Apparel, Inc.*, No. 09-CV-3240, 2011 WL 900183 (E.D.N.Y. Feb. 18, 2011) (finding that Complaint was "without any factual support whatsoever that defendants are enterprises"); *Jones v. SCO Fam. of Servs.*, 202 F. Supp. 3d 345, 349 (S.D.N.Y. 2016) (finding that "providing foster care services does not, by itself, constitute a business purpose"); *Martinez-Pinillos v. Air Flow Filters, Inc.*, 738 F. Supp. 2d 1268 (S.D. Fla. 2010) (applying summary judgement standard); *Yan v. General Pot, Inc.*, 78 F. Supp. 3d 997 (N.D. Cal. 2015) (finding that enterprise coverage did not apply where annual gross sales were less than $500,000); *Williams v. Signature Pools & Spas, Inc.*, 615 F. Supp. 2d 1374, 1375 (S.D. Fla. 2009) (applying summary judgment standard).

[5]  The term "goods" has a broad definition under the FLSA, and "means goods (including ships and marine equipment), wares, products, commodities, merchandise, or articles or subjects of commerce of any character, or any part or ingredient thereof . . . ."  29 U.S.C.A. § 203(i).

supplies used at the Center originated outside of New York." 2009 WL 211367, at *3; s*ee also Kantor*, 2021 WL 3888067, at *4 (finding it reasonable to assume that medical office with annual revenue exceeding $500,000 uses materials that have originated from out-of-state); *Monaia v. Grinell*, No. 96-CV-9769, 1997 WL 363813, at *2 (S.D.N.Y. July 1, 1997) (finding that podiatrist with single-state practice was covered by FLSA because "medical supplies used to treat patients were purchased out-of-state").

Accordingly, the Court finds it reasonable to infer that at least some of the soaps, chemicals, dermarollers, and/or laser hair removal tools used by Miss Laser employees originated outside of New York. As there is no serious dispute that Miss Laser made at least $500,000 in annual revenue, Plaintiff has sufficiently pled that Defendants were engaged in interstate commerce to establish enterprise coverage.

## **CONCLUSION**

For the foregoing reasons, Defendants' motion to dismiss is DENIED.

SO ORDERED.

                                                */s/ Hector Gonzalez*
                                                HECTOR GONZALEZ
                                                United States District Judge

Dated: Brooklyn, New York
            January 19, 2023